**Carolyn M. PARNELL, Plaintiff,**

v.

**Michael P.W. STONE, Defendant.**

**Civ. A. No. 91–72628.**

United States District Court,
E.D. Michigan, S.D.

July 2, 1992.

Martin A. Scott, Southfield, Mich., for plaintiff.

Stephen J. Markman, U.S. Atty. by William L. Woodard, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Defendant filed a motion for summary judgment May 19, 1992; plaintiff filed a response June 18, 1992; and defendant filed a reply June 25, 1992. Oral argument was heard July 1, 1992.

## BACKGROUND FACTS

Plaintiff Parnell, a civilian employee of the United States Army, filed a complaint alleging that she was not selected for a promotion due to discrimination against her based on her age (43), in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and due to retaliation against her for having previously filed Equal Employment Opportunities ("EEO") complaints, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16.

Plaintiff was employed at the U.S. Army Tank–Automotive Command ("TACOM") in Warren, Michigan. In August 1989 she applied for the position of auditor, GM–511–13, in the Internal Review Division of the Internal Review and Audit Compliance Office at TACOM. This was a non-supervisory, "team leader" position.

Thomas Quinn, chief of the Internal Review and Audit Compliance Office, was assigned to select the person to fill the vacancy. Four local candidates were interviewed for the position: plaintiff Carolyn Parnell, age 43; Jerome Bartus, age 32; Ann Krim, age 52; and Odessa Huddleston, age 43.

Pursuant to TACOM policy, a three-person panel was appointed to interview the four and to recommend the best qualified person to Quinn. The panel was comprised of two persons appointed by the chief of staff and one management representative from the Internal Review and Audit Compliance Office.

The chief of staff assigned 47–year–old Douglas Newberry to chair the panel. Through his position as career program manager, Newberry was generally aware that plaintiff had filed previous EEO complaints against the command; however, he had never been identified as a discriminating official and did not have knowledge of the specific allegations in plaintiff's EEO complaints.

The chief of staff also assigned 37–year–old Maxine Townsend to serve as the requisite minority member of the panel. Plain-

tiff concedes that Townsend had no knowledge of plaintiff's prior EEO activities.

The management representative appointed to the panel was 36–year–old Bobbie Tarrance. As plaintiff's former co-worker, Ms. Tarrance was aware that plaintiff had filed previous EEO complaints; however, it was not until after the panel had made its selection that Tarrance realized that plaintiff had filed a recent EEO complaint against her.

The panel interviewed all four candidates for the position. During the interviews each panelist scored the candidates response to questions which had been prepared by Quinn. After completing the interviews, the panelists discussed the scores they had given for each answer for each candidate and reached a panel score for each answer based on a consensus of the panel. Plaintiff has not disputed defendant's contention that the panel did not discuss the ages of the applicants or whether they had previously filed any EEO complaints.

After reaching a consensus score for each answer, the panel submitted the panel scores to be entered into a computer, which produced a printout with the total scores. The outcome was as follows:

| | |
|---|---|
| Jerome Bartus | 132 |
| Odessa Huddleston | 108 |
| Ann Krim | 107 |
| Carolyn Parnell | 92. |

The panel then forwarded these results to Quinn.

Quinn received the panel's decision and made his selection November 17, 1989, based on the recommendation. At the time he selected Bartus, Quinn knew that plaintiff had filed an EEO complaint against him and others in 1985 and that the claims against him personally had been dismissed as untimely. He did not know the outcome of plaintiff's claims against the other individuals in her 1985 complaint. At the time he made his selection, he was unaware that plaintiff had filed any other EEO complaints.

Quinn has testified that Bartus was selected for the position because he "[b]est demonstrated experience, job related knowledge and skills to perform the job as determined by the selection panel and accepted by the selecting supervisor." (Transcript USACARA Hr'g at 27.) Quinn's selection was subsequently reviewed and approved by the chief of staff.

Plaintiff filed a formal EEO complaint February 6, 1990, alleging that her nonselection was the result of age discrimination and reprisal. A fact finding conference was conducted June 4, 1990, by an investigator of the U.S. Army Civilian Appellate Review Agency ("USACARA"). The investigator issued a report July 30, 1990, recommending that plaintiff's complaint be denied. The agency subsequently accepted that recommendation.

Plaintiff then requested a hearing before an EEOC administrative law judge ("ALJ"). On April 8, 1991, after a five-day hearing, the ALJ recommended a finding of no age discrimination or reprisal. That agency then adopted the ALJ's findings. Plaintiff filed the instant suit in this court May 31, 1991.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993,

994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact.

*Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## I. RETALIATION CLAIM

■ Plaintiff's complaint alleges that her non-selection for the GM–13 position was a result of retaliation against her for having previously filed EEO complaints. In order to establish a case of retaliatory non-selection, plaintiff first must prove a *prima facie* case by showing: (1) that she engaged in an activity protected by Title VII, (2) that this exercise of her protected civil rights was known to defendant, (3) that defendant thereafter took an employment action adverse to plaintiff, and (4) that there was a causal connection between the protected activity and the non-selection. *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir.1987).

■ If plaintiff establishes a *prima facie* case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Wrenn*, 808 F.2d at 501. The plaintiff, who bears the burden of persuasion throughout the process, then must demonstrate "that the proffered reason was not the true reason for the employment decision." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

■ In the instant action defendant concedes that plaintiff has established the first element of her *prima facie* case. By filing EEO complaints, plaintiff engaged in activity protected by Title VII prior to her non-selection.

■ Defendant contends that plaintiff has failed to establish the second element of a retaliatory non-selection case because one of the three panelists had no prior

knowledge of plaintiff's EEO complaint filings. However, two of the three panelists were aware of the filings. In addition, Quinn, the person ultimately responsible for the selection, knew of the filing; and he himself had been named in one of plaintiff's complaints. Therefore, the court determines that for purposes of establishing the second element in a retaliatory non-selection case, plaintiff has shown that her actions were known to defendant.

■ Plaintiff has also established the third element of her *prima facie* case, *i.e.*, that the non-selection was an adverse employment action taken after defendant knew of plaintiff's previous, protected activities.

■ Plaintiff has failed, however, to show the requisite causal connection between the protected activity and the non-selection. Plaintiff asserts that Quinn

made comments to [plaintiff] admitting that her prior EEO complaints were the reason she had been denied a prior promotion. [Plaintiff] testified at her deposition that in approximately January or February 1988, Mr. Quinn told her that she had not been selected for a position that had gone to Bobbie Tarrance because [plaintiff] had filed previous EEO complaints and Ms. Tarrance had chosen her career over getting into an 'EEO fight.' [Plaintiff] further testified that Mr. Quinn added that she may have 'won the fight but lost the war,' and that it could affect her getting future promotions.

Plaintiff's resp. at 3 (citing pl.'s dep. at 37). Quinn denies making any such statements to plaintiff. Defendant's br. at 17 n. 7. The conflict, however, fails to present a genuine issue of material fact, for plaintiff has failed to present evidence of these statements other than her own pleadings and deposition testimony. Pursuant to Fed.R.Civ.P. 56(e),

[w]hen a motion for summary judgment is made ..., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must

set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In addition, the United States Court of Appeals for the Sixth Circuit has held that the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbrook*, 917 F.2d at 921.

By plaintiff's failure to show the requisite causal connection between her filing EEO complaints and her non-selection, plaintiff has failed to establish a *prima facie* case of retaliation. Thus, defendant is entitled to summary judgment on that claim.

■ The court further notes that even if plaintiff were able to show the causal connection and establish a prima facie case of retaliation, defendant has articulated a "legitimate, nondiscriminatory reason" for his actions. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. The panel did not recommend plaintiff for the position because it found that another candidate "best demonstrated experience, job related knowledge and skills to perform the job as determined by [the] selection panel and accepted by [the] selecting supervisor." Transcript USACARA Hr'g at 27. Quinn has testified that he selected Bartus instead of plaintiff solely on the recommendation of the panel. Transcript ALJ Hr'g Vol. III, at 41.

Plaintiff has failed to show that the legitimate reasons articulated by the panel are a mere pretext for the alleged retaliation. Again, plaintiff has offered only her own allegations, contained in her pleadings and depositions, to show pretext. Such evidence is insufficient.

## II. AGE DISCRIMINATION

■ Plaintiff's complaint also alleges that her non-selection for the GM–13 position was the result of age discrimination. In order to establish a case of age discrimination, a plaintiff first must prove a *prima facie* case by showing: (1) that she was between the ages of 40 and 65, (2) that she

was subjected to an adverse employment action, (3) that she was qualified for the position, and (4) that she was replaced by a person not a member of the protected class. *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 313 (6th Cir.1989).

■ Just as in a retaliation claim, if the plaintiff establishes a *prima facie* case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. The plaintiff, who again bears the burden of persuasion throughout the process, then must demonstrate "that the proffered reason was not the true reason for the employment decision." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095.

Plaintiff is not alleging that any of the three members of the panel discriminated against her based on her age. She contends that it was only Quinn, the person assigned to ultimately make the selection, who discriminated against her based on her age.

■ Defendant concedes that plaintiff has established a *prima facie* case of age discrimination. First, at the time of the non-selection, plaintiff was 43 years old; thus, she was a member of the protected class. Second, she was subjected to an adverse employment action by virtue of her non-selection for the GM–13 position. Third, it is undisputed that plaintiff was qualified for the position. Fourth, the position was filled by a person who was, at age 32, not a member of the protected class.

■ Again, defendant has articulated a "legitimate, nondiscriminatory reason" for his action, *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824, in choosing the candidate who had earned the highest recommendation from the panel.

■ Plaintiff contends that defendant's articulated reason was a mere pretext for age discrimination based on statements allegedly made to her by Quinn and also based on Quinn's hiring record. Plaintiff first alleges that Quinn "stated on several occasions that he preferred a younger management staff and that if it were up to him, there would be no one older than him [*sic*] working in the office." Plaintiff's resp. at 10. Quinn denies making these statements. Defendant's br. at 17 n. 9. Again, however, pursuant to Fed.R.Civ.P. 56(e), this does not present a genuine issue of material fact, as plaintiff has "rested upon the mere allegations ... of [her] pleadings."

Defendant concedes, however, that Quinn has filled three GM–13 positions, and all of those selectees have been under 40 years of age. Although this may be some circumstantial evidence to show that age was one motivation for not selecting her, plaintiff has failed to show that age was a substantial motivation for defendant's actions. *Gagne*, 881 F.2d at 315.

Furthermore, the Sixth Circuit instructed that a plaintiff in a discriminatory non-selection case must establish that the decision complained about would not have been made "but for" the protected status of the plaintiff. *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1068 (6th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990). Plaintiff has offered no evidence to support such a finding. The panel's scoring reflected that plaintiff received the lowest score of the four candidates. In addition, the two other candidates who were not selected were also over age 40 but received higher scores than plaintiff. If all inference of age were removed from the scoring, plaintiff still received a lower consensus score than either of the other two candidates. Thus, the court finds that plaintiff has failed to show that her non-selection would not have been made absent age discrimination.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.