12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn M. PARNELL, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the United States Army,
Defendant-Appellee.
 No. 92-2098.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges; and WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Carolyn M. Parnell, a civilian employee of the United States Army, appeals from the summary judgment in favor of Michael P. Stone, Secretary of the United States Army, in this discrimination action. On appeal, plaintiff contends that she was not selected for a promotion because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 663a, and in retaliation against her for having previously filed Equal Employment Opportunity ("EEO") complaints, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-3. For the reasons set forth below, we affirm.
 
 I.
 
 2
 Plaintiff has worked as an auditor for the United States Army Tank-Automotive Command ("TACOM") in Warren, Michigan since 1980. In August 1989, she applied for the position of auditor, GM-511-13, in the Internal Review division of the Internal Review and Audit Compliance Office at TACOM. This was a non-supervisory, "team leader" position. Four local candidates (finalists) were interviewed for the position: Parnell, age 43; Jerome Bartus, age 32; Ann Krim, age 52; and Odessa Huddleston, age 43. Thomas Quinn, the 43-year-old chief of the Internal Review and Audit Compliance Office, was assigned to select the person to fill the position.
 
 
 3
 Pursuant to TACOM policy, a three-person panel was appointed to interview the four finalists and to recommend the best qualified candidate to Quinn. The panel chair, Douglas Newberry, was appointed by the chief of staff. Through his position as career program manager, Newberry was generally aware that plaintiff had filed previous EEO complaints against the command. He did not, however, have knowledge of the specific allegations in those complaints. Quinn selected the other two panel members. Specifically, Quinn appointed 37-year-old Maxine Townsend to serve as the requisite minority member of the panel. Townsend had no knowledge of plaintiff's prior EEO activities. The management representative appointed to the panel was 36-year-old Bobbie Tarrance. As plaintiff's former co-worker, Tarrance was aware that plaintiff had filed previous EEO complaints. However, it was not until after the panel had recommended its selection that Tarrance learned that plaintiff had filed a recent EEO complaint against her.
 
 
 4
 On November 17, 1989, the panel interviewed the four candidates for the auditor position. During the interviews each panelist scored the candidates' responses to (fifteen) questions that had been prepared by Quinn. There was no "best answer" or any type of answer key developed for the questions. After each question was answered, the three panelists independently rated the candidate's response on a scale from one to ten. Then, after the completion of the interviews, the panelists discussed the scores they had given to each answer (for each candidate) and reached a consensus (single) "panel-score." It is undisputed that the panelists did not discuss the ages of the applicants or whether they had previously filed any EEO complaints.
 
 
 5
 After tallying the consensus scores, the resulting point totals were as follows:
 
 
 6
 Jerome Bartus 132
Odessa Huddleston 108
Ann Krim 107
Carolyn Parnell 92
 
 
 7
 These results were forwarded to Quinn with the panel's conclusion that "[t]he interview process clearly showed that Mr. Jerome Bartus was best suited for the position." Joint App. at 78.
 
 
 8
 On November 17, 1989, Quinn received the panel's decision and, based upon that decision, selected Jerome Bartus to fill the auditor position. At the time he selected Bartus, Quinn, as plaintiff's supervisor, knew that she had filed an EEO complaint in 1985 and that the claims had been dismissed as untimely. Quinn testified on deposition that at the time he made the selection, he was unaware that plaintiff had filed any other EEO complaints. Quinn further testified that he accepted the panel's recommendation and selected Bartus for the GM-13 position because he "[b]est demonstrated experience, job related knowledge and skills to perform the job as determined by the selection panel...." Joint App. at 44. Quinn's selection was subsequently reviewed and approved by the chief-of-staff.
 
 
 9
 On February 6, 1990, plaintiff filed a formal EEO complaint alleging that her non-selection was the result of age discrimination and reprisal (for her earlier EEO complaints). On June 4, 1990, an investigator for the United States Army Civilian Appellate Review Agency conducted a fact finding conference. The investigator issued a report July 30, 1990, recommending that plaintiff's complaint be denied. The agency accepted this recommendation. Thereafter, plaintiff requested a hearing before an EEOC administrative law judge ("ALJ"). On April 8, 1991, after a five-day hearing, the ALJ recommended a finding of no age-discrimination or reprisal. The agency then adopted the ALJ's findings.
 
 
 10
 On May 31, 1991, plaintiff filed the instant action in the United States District Court for the Eastern District of Michigan. On July 6, 1992, the District Court granted defendant's motion for summary judgment. The court found that the defendant had established a non-discriminatory reason for failing to promote plaintiff based upon the recommendation of the selection panel and that plaintiff had failed to raise a genuine issue of material fact as to whether this proffered reason was merely a pretext.
 
 
 11
 Defendant argues that the District Court erroneously refused to consider plaintiff's deposition testimony in concluding that there was no issue of material fact. We agree that the District Court was required to consider plaintiff's deposition testimony as to facts within her personal knowledge. The District Court relied upon our statement in Ashbrook v. Block, 917 F.2d 918, 921 (6th Cir.1990) that "[a]lthough the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." Federal Rules of Civil Procedure Rule 56(e) provides "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Since the rule specifically permits affidavits based on personal knowledge to be used in summary judgment proceedings, it appears clear that the reference is to conclusionary affidavits or affidavits which otherwise do not meet Rule 56(e) standards such as affidavits that do not establish a material issue of fact.[1]
 
 II. Standard of Review
 
 12
 We review the district court's grant of summary judgment de novo. We can nonetheless decide whether taking into account plaintiff's deposition there is a material issue of fact. Summary judgment is appropriate only where making all reasonable inferences in favor of the non-moving party there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); EEOC v. University of Detroit, 904 F.2d 331, 332 (6th Cir.1990). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.
 
 III. Title VII Retaliation Claim
 
 13
 Plaintiff first contends that the District Court erred in granting defendant's motion for summary judgment because genuine issues of material fact exist regarding whether her non-selection for the GM-13 auditor position was in retaliation for her previously filed EEO complaints, in violation of 42 U.S.C. Sec. 2000e-3.[2] Proof of a retaliation claim under Title VII is governed by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and its progeny. Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir.1987).
 
 
 14
 To establish a prima facie case of retaliation, plaintiff must show (1) that she engaged in an activity protected by Title VII; (2) that the exercise of protected activity was known to her employer; (3) that the employer subsequently took an employment action adverse to her; and (4) that a causal connection existed between the protected activity and the action. Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990); Wrenn, 808 F.2d at 500.
 
 
 15
 The District Court found, and defendant concedes, there are issues of fact as to the first element of plaintiff's prima facie case because filing EEO complaints is an activity protected by Title VII. She may also satisfy the second prong because two of the three members of the selection panel were aware of plaintiff's EEO complaints. Additionally, Quinn, the person ultimately responsible for the selection, knew of plaintiff's 1985 filing and was himself the subject of one of plaintiff's complaints. The complaint had been dismissed as untimely. The District Court further found that there was an issue of fact as to the third prong of plaintiff's prima facie case, i.e., that the non-selection was an adverse employment action taken after defendant knew of plaintiff's previous protected activities.
 
 
 16
 The court found, however, that plaintiff had no evidence to show the requisite causal connection between her previous filing of EEO complaints and her non-selection for the position in question. A causal connection requires the plaintiff to proffer evidence "sufficient to raise the inference that her protected activity was the likely reason for the adverse action." Zanders v. National R.R. Passenger Corp., 898 F.2d 1127, 1135 (6th Cir.1990) (quoting Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982)). Plaintiff sought to establish this causal connection through her own deposition testimony in which she testified that Quinn made comments to her admitting that her prior EEO complaints were the reason she had been denied a prior promotion, and that her prior EEO complaints could affect her getting future promotions. Specifically, plaintiff testified:
 
 
 17
 In approximately January of 1988, I was in Mr. Quinn's office talking to him about one of my audit assignments, and after we completed our discussion regarding the assignment, he said to me that the reason why I was not selected for the position that Ms. Bobbie Tarrance was selected for in, I believe it was February of '87, was because I had filed previous EEO complaints and that Ms. Tarrance chose her career over getting involved with me and my EEO fight, and that maybe I won the fight but lost the war, and that because of that, it could affect me getting future promotions.
 
 
 18
 Joint App. at 37. These comments were made before Quinn assumed his current position. Quinn denied ever making such a statement. Such statement, even if made, does not appear to state Quinn's view that an EEOC complaint should affect future promotions. Rather, it reflects his perception of what some earlier administrator had done. However, even if the statement was sufficient for a prima facie case of retaliation by Quinn for a complaint filed 17 months earlier, defendant provided a legitimate non-discriminatory reason for not selecting plaintiff.
 
 
 19
 Quinn testified he did not award plaintiff the GM-13 auditor position because the selection panel determined, after interviewing, discussing, and assessing several candidates, that Jerome Bartus clearly was "best suited for the position." Joint App. at 78. Quinn testified that he selected Bartus (instead of plaintiff) solely on the recommendation of the panel and that he would have selected whomever the panel recommended because he believed all four of the candidates to be qualified. Joint App. at 95-96.
 
 
 20
 Because the ultimate burden of persuasion rested at all times with plaintiff, once the Army came forward with a legitimate non-discriminatory reason for failing to select her, plaintiff had to demonstrate that the Army's reason was pretextual.
 
 
 21
 It is well established that merely making out a prima facie case of discrimination does not automatically save an appellant from a summary judgment motion. "Indeed, the inference of discrimination created by the prima facie case is dispelled once the employer's reason is stated, until and unless the latter is shown to be pretext." Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989) (quoting Menard v. First Securities Serv. Corp., 848 F.2d 281, 287 (1st Cir.1988)). In fact, "[u]nless the plaintiff introduces counter-affidavits and argumentation that demonstrate that there is a reason to disbelieve this particular explanation, there is no genuine issue of material fact." Id. (quoting Healy v. New York Life Ins. Co., 860 F.2d 1209, 1216 (3d Cir.1988), cert. denied, 490 U.S. 1098 (1989)).
 
 
 22
 Here, plaintiff again relies on her deposition testimony, in which she alleges that Quinn told her she was not selected for a previous position because of her EEO activity and that this activity could affect her ability to get future promotions, to attempt to create a genuine issue of material fact. Plaintiff however, presents no evidence indicating that, as to the instant promotion, Quinn's failure to by-pass the three higher ranked candidates and give her the job was in retaliation for her previous EEO filings. Specifically, plaintiff presents no evidence that, in the past, the selection supervisor has ignored the recommendation of the selection panel. Nor does she present any evidence that it is not the custom of the selection supervisor to adopt the recommendation of the panel and select the highest ranked individual. This Court has recognized that:
 
 
 23
 Title VII does not diminish lawful traditional management prerogatives in choosing among qualified candidates. So long as its reasons are not discriminatory, an employer is free to choose among qualified candidates. An employer has even greater flexibility in choosing a management-level employee, as is the case here, because of the nature of such a position.
 
 
 24
 Wrenn, 808 F.2d at 502 (citations omitted). Thus, absent any evidence that the panel deliberately and unjustifiably ranked plaintiff the least qualified of the four finalists, summary judgment was proper.[3]
 
 
 25
 Plaintiff does contend that the panel selection was discriminatory because two of the members knew of her previous EEO filings, the scoring system lacked any objective standards for scoring candidate responses, and the scores were heavily influenced by Quinn. However, despite writing the questions, nothing in the record indicates that Quinn was involved in the actual interview process, nor was he present during the panel's deliberations. Further, plaintiff cites no authority (and we have found none) suggesting that mere knowledge of previous EEO filings creates an inference of discrimination. No evidence whatsoever has been presented to suggest that the panel members discriminated against the plaintiff because of her protected activity. Moreover, prior to the interviews, the panel got together to discuss the questions to make sure they understood them. In his decision, the ALJ found that the questions were reasonably gauged to measure the applicant's ability to perform the required duties. Joint App. at 286. All of the candidates answered the same questions and nothing in the record suggests improper scoring. In fact, plaintiff's low score (relative to the other candidates) is completely justifiable in light of the fact that she failed to answer one of the questions. See Wrenn, 808 F.2d at 502 (recognizing that appellant's perception of his competence, and the incompetence of those competing against him or her, is irrelevant; "the search committee's perceptions and motivations are key").
 
 
 26
 Viewed in light of the evidentiary burdens in this case, plaintiff has failed to make a showing that there is any genuine issue of fact that Quinn's decision to select the highest ranked candidate (as determined by three-member panel) was merely a pretext for not selecting her. Consequently, summary judgment was proper on the retaliation claim.
 
 IV. Age Discrimination
 
 27
 Plaintiff also contends that her non-selection for the GM-13 auditor position was the result of age discrimination. Plaintiff, however, is not claiming that any of the three members of the selection panel discriminated against her because of her age, but only that Quinn, in making the ultimate selection, discriminated against her because of her age. In an age discrimination suit under the ADEA, the ultimate issue is whether age was a determining factor in an employment decision that adversely affected the claimant. Wooden v. Board of Educ., 931 F.2d 376, 378 (6th Cir.1991).
 
 
 28
 Defendant concedes that plaintiff has established a prima facie case of age discrimination. The burden of production of evidence thus shifted to the Army to articulate some legitimate non-discriminatory reason for its decision not to select her.
 
 
 29
 Again, the legitimate non-discriminatory reason articulated by the defendant for not selecting the plaintiff was that Quinn chose the candidate who had earned the highest recommendation from the selection panel. Thus, in order to defeat summary judgment the plaintiff must show that this reason is pretextual.
 
 
 30
 In an effort to show that defendant's articulated reason was a mere pretext for age discrimination, plaintiff relies on statements allegedly made to her by Quinn evidencing his intent to hire younger workers. Specifically, in her deposition testimony, plaintiff claims that Quinn told her that if it were up to him, there would be no employees in the office older than he, that his management team was going to consist of younger employees, and that he needed new blood in the office. Harvey Crew, one of plaintiff's co-workers, also testified that he heard Quinn say "if he [Quinn] had his way, there wouldn't be any auditors in there older than he was." Joint App. at 159. (It must be noted that plaintiff is actually a few months younger than Quinn.) These generalized statements do not demonstrate, in any way, that Quinn's decision to select the highest ranked candidate was a mere pretext. See, e.g., Gagne, 881 F.2d at 314 (claimant's immediate supervisor's isolated remark that he "needed younger blood" insufficient to create a material fact issue as to whether discharge was motivated by plaintiff's age). Nor has plaintiff shown that the panel discriminated against her by ranking first the only finalist under 40. In fact, plaintiff appears to concede (and if she does not, has offered no evidence to show to the contrary) that none of the members of the selection panel discriminated against her because of her age. Again, nothing in the record suggests that Quinn's failure to ignore the rankings of the selection panel, and his failure to by-pass the three higher-ranked candidates and select the plaintiff, was a result of plaintiff's age.
 
 
 31
 Nor has plaintiff demonstrated that "but for" Quinn's motive to discriminate on the basis of age the decision not to select her would not have been made. See, e.g., Canitia, 903 F.2d at 1068 (this Court instructed that a plaintiff in a discriminatory non-selection case must establish that the decision complained about would not have been made "but for" the protected status of the plaintiff); Gagne, 881 F.2d at 314 (to rebut the employer's legitimate non-discriminatory reason, claimant must "produce direct, indirect or circumstantial evidence that her age was a factor in the decision to terminate her and that 'but for' this factor she would not have been terminated"). As the District Court found:
 
 
 32
 The panel's scoring reflected that plaintiff received the lowest score of the four candidates. In addition, the two other candidates who were not selected were also over age 40 but received higher scores than plaintiff. If all inference of age were removed from the scoring, plaintiff still received a lower consensus score than either of the other two candidates. Thus, the court finds that plaintiff has failed to show that her non-selection would have been made absent age discrimination.
 
 
 33
 Parnell, 793 F.Supp. 742, 748 (E.D.Mich.1992).[4]
 
 
 34
 Thus, plaintiff is unable to show that she would have been selected "but for" discrimination where two other older candidates achieved higher scores.
 
 
 35
 Because plaintiff has failed to present sufficient evidence to create a material issue of fact as to whether her non-selection was motivated by her age, summary judgment was properly granted.
 
 V.
 
 36
 Accordingly, the decision of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Examination of the plaintiff's affidavit in Ashbrook discloses that although it is based on personal knowledge of certain facts, those facts do not establish a material issue of fact which would preclude summary judgment
 
 
 [2]
 This section provides, in pertinent part, that:
 It shall be an unlawful employment practice for an employer to discriminate against any of his [or her] employees ... because he [or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.
 
 
 [3]
 The problem with plaintiff's argument is that she is ignoring the involvement of the selection panel. While Quinn made the final selection, the three-member panel interviewed and ranked all the candidates and submitted their findings to Quinn. The panel unanimously recommended Bartus as the most qualified and plaintiff as the least qualified. Under plaintiff's theory (that Quinn's statement to her establishes pretext), it is irrelevant who the panel ranked as the most qualified--she still could claim she was discriminated against. For example, at least as to the retaliation claim, if Ms. Huddleston had wound up ranked first and plaintiff second, what would prevent plaintiff from suing and raising the same arguments she is raising today? Thus, because Quinn made the ultimate selection, and because plaintiff contends he made remarks showing a desire to retaliate against her in order to avoid a suit, plaintiff would require the Army to give her the position
 
 
 [4]
 Plaintiff contends that all the "but for" test requires is proof that discriminatory intent was more likely than not the basis of the adverse action. In light of the selection process involved in the instant case, Quinn's remarks, however, do not satisfy even this test