## KOCENDA v THE DETROIT EDISON COMPANY

Docket No. 66513. Submitted November 15, 1983, at Detroit.—Decided November 1, 1984.

Plaintiff, Walter J. Kocenda, brought an action in the Wayne Circuit Court against the defendant, his employer, The Detroit Edison Company, seeking damages for alleged employer retaliation for plaintiff's having filed a complaint with the Michigan Civil Rights Commission. A jury returned a verdict in plaintiff's favor finding $17,500 in compensatory damages and $5,000 in exemplary damages under the Elliott-Larsen Civil Rights Act. The trial court, Lucile A. Watts, J., entered a judgment and order to that effect. The defendant appeals. *Held:*

1. The evidence presented was sufficient to support the verdict below.

2. The defendant's failure to request an adjournment or to argue unfair prejudice below undercuts its position on appeal in regard to the trial court's alleged admission of evidence of acts of retaliation which took place after the filing of the complaint.

3. The jury was correctly advised of the law regarding burden of proof. The defendant failed to object to the trial court's failure to read its requested instruction verbatim.

4. Where the evidence of retaliation is fairly strong if believed, as here, the alternating burden "pretext" approach need not be used. The trial court should be allowed sufficient discretion to fashion instructions modeled after the style of the standard instructions where it is deemed useful to do so.

5. Plaintiff need only establish a causal link between participation in a protected activity and the adverse employment

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts § 82.

61A Am Jur 2d, Pleading §§ 329, 352.

[2, 3] 75 Am Jur 2d, Trial § 610 *et seq.*

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[4, 5] 15 Am Jur 2d, Civil Rights §§ 229, 261, 262.

Application of state law to age discrimination in employment. 96 ALR3d 195.

treatment complained of; proof of actual knowledge of the plaintiff's having filed a civil rights complaint is not an element of a retaliation action.

Affirmed.

1. TRIAL — PLEADINGS — NOTICE — COURT RULES.

The subrules of the court rule pertaining to amended and supplemental pleadings which concern amendment to conform to the evidence and supplemental pleadings require notice of new issues which might be raised at trial; the subrules do not require notice of additional factual data which reinforces the allegations set forth in the complaint (GCR 1963, 118.3, 118.5).

2. TRIAL — JURY INSTRUCTIONS.

The fact that a trial court failed to read a requested Standard Jury Instruction verbatim should not be grounds for a new trial absent prejudice; the court should be allowed sufficient discretion to fashion instructions modeled after the style of the standard instructions where it is deemed useful to do so.

3. TRIAL — STANDARD JURY INSTRUCTIONS — COURT RULES.

Standard Jury Instructions are to be given when applicable and requested (GCR 1963, 516.6[2]).

4. TRIAL — LABOR RELATIONS — EMPLOYMENT DISCRIMINATION — RETALIATION.

The alternating evidentiary burden "pretext" approach need not be used in an employment discrimination case where the evidence of retaliation by the defendant employer is fairly strong if believed.

5. CIVIL RIGHTS — EMPLOYER RETALIATION.

Proof of actual knowledge of a plaintiff-employee's having filed a civil rights complaint is not an element of a cause of action alleging employer retaliation for the employee's having filed a civil rights complaint; the plaintiff need only establish a causal link between participation in the protected activity and the adverse employment treatment complained of (MCL 37.2701; MSA 3.548[701]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt),* for plaintiff.

*Fischer, Franklin, Ford, Simon & Hogg* (by *Ralph H. Houghton, Jr.* and *Mark W. McInerney),* for defendant.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and R. ROBINSON,* JJ.

PER CURIAM. Plaintiff, Walter J. Kocenda, obtained a jury verdict of $17,500 compensatory damages and $5,000 exemplary damages under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* based upon employer retaliation for having filed a complaint with the Michigan Civil Rights Commission, MCL 37.2701; MSA 3.548(701). Defendant raises several issues on appeal, none of which cause us to disturb the jury verdict rendered below. We affirm.

Following a series of frustrating attempts by plaintiff to secure a promotion amid comments by company officials which led him to feel unfairly penalized because of his age, plaintiff informed his supervisor that he wanted to take a couple of hours off to file a complaint with the Michigan Civil Rights Commission. Although plaintiff's supervisor advised him that it would be a big mistake, plaintiff filed the complaint anyway. Thereafter, his previously cordial relationship with his boss began to fall upon hard times. Plaintiff presented evidence of a series of instances which amounted to a pattern of disparate treatment of him as compared to similarly situated co-workers. In addition, plaintiff cited examples of harrassment on the job at the hands of his supervisor. Although defendant offered credible non-discriminatory explanations for much of the adverse treatment and disappointment which plaintiff suffered in the promotion selection process, we view the evidence presented as sufficient to support the verdict below, and leave the resolution of these factual issues to the wisdom of those who heard

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

the trial testimony. Most notably, plaintiff's version of a conversation with his department head provides compelling evidence, if believed, that the defendant attempted to retaliate against this uncooperative employee:

"I advised him that it was the recommendation from the company's social worker that I talk to him regarding what had occurred between my supervisor, Mr. Benjamin, and myself. And I went through the whole story and I said, 'I beg you.' I said, 'Please, could you put me on cross training for maybe six months. Let me just get away from the guy for awhile *(sic)*. Put me in Workmen's Comp or something. I think if I had a little bit of time away from him and he away from me, I think we—it could work out.'

"And I went through the whole story about my sister's—of his retaliation of me, and Mr. Benjamin's retaliation of me, and in the middle of my conversation he picks up the telephone and he makes a luncheon engagement with one of his friends. And I stopped. I couldn't believe it. I mean, I begged the guy. I don't beg, but I begged the guy to help me and he picks up a phone to make a luncheon appointment.

"And I stopped talking and I waited until he got done with his luncheon appointment, and I said, 'Are you hearing what I'm telling you?' I said, 'I've got some problems here,' and I said, 'I want to work them out.' He said, 'Walt, you're suing the company. It's an adversary situation. What do you expect.'

"And I said, 'Just let it go,' and I walked out."

Defendant complains of the trial court's admission of evidence of acts of retaliation which took place after the filing of the complaint, since no allegation of continuing retaliation was made and no request to amend or supplement the pleadings was made. Defendant cites GCR 1963, 118.5, and we would also look to GCR 1963, 118.3 for guidance. We find that these rules require notice of new *issues* which might be raised at trial, rather

than additional factual data which reinforces the allegations set forth in the complaint. See *Schattilly v Yonker,* 347 Mich 660; 81 NW2d 343 (1957). Plaintiff contends that such matters are to be ascertained during discovery, *Major v Schmidt Trucking Co,* 15 Mich App 75, 82; 166 NW2d 517 (1968), and that defendant had advance notice of the additional evidence since it was disclosed at a pre-trial settlement conference. We conclude that defendant's failure to request an adjournment or to argue unfair prejudice below undercuts its position on appeal in this regard.

Defendant raises several instructional issues on appeal which we will mention only briefly. First, defendant argues that the trial court's failure to recite SJI2d 16.01 during its burden of proof charge constitutes error since GCR 1963, 516.6(2) requires that standard instructions be given when applicable and requested. The fact that the trial court failed to read the requested instruction verbatim should not be grounds for a new trial absent prejudice. Defendant failed to object to the oversight, and we find that the jury was correctly advised of the law regarding burden of proof.

Next, the failure of the trial court to instruct the jury on the alternating evidentiary burden in employment discrimination cases is advanced as error. See *Clark v Uniroyal Corp,* 119 Mich App 820; 327 NW2d 372 (1982). We note, however, that *Gallaway v Chrysler Corp,* 105 Mich App 1; 306 NW2d 368 (1981), *lv den* 413 Mich 853 (1982), seems to require no such procedural format. We resolve this issue against defendant by concluding that where the evidence of retaliation is fairly strong if believed, as here, the alternating burden "pretext" approach need not be used. The trial judge should be allowed sufficient discretion to fashion instructions modeled after the style of the

standard instructions where it is deemed useful to do so. *Brownell v Brown,* 114 Mich App 760, 770; 319 NW2d 664 (1982), *lv den* 417 Mich 969 (1983). Finally, we decline defendant's invitation to make proof of actual knowledge of plaintiff's having filed a civil rights complaint an element of a retaliation action. Plaintiffs need only establish a causal link between participation in the protected activity and the adverse employment treatment complained of.

We have reviewed defendant's remaining assignments of error and find them to be without merit. The judgment entered below is therefore affirmed.