FEICK v MONROE COUNTY

Docket No. 198014. Submitted November 18, 1997, at Lansing. Decided
April 21, 1998, at 9:00 A.M. Leave to appeal sought.

Nancy M. Feick, a former Monroe County chief assistant prosecutor,
brought an action in the Monroe Circuit Court against Monroe
County and the Monroe County Prosecutor, alleging violations of
the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*
The plaintiff contended that the defendants retaliated against her
for filing a complaint with the Equal Employment Opportunity
Commission (EEOC), that the county prosecutor discriminated
against her on the basis of age and gender when he refused to
reappoint her as chief assistant prosecutor after he defeated the
incumbent county prosecutor who last appointed her, and that the
county discriminated against her in rejecting various applications
for county employment after she lost her assistant prosecutor posi-
tion. The court, Timothy P. Pickard, J., granted summary disposi-
tion for the defendants and imposed sanctions against the plaintiff
for filing a frivolous action. The plaintiff appealed.

The Court of Appeals *held*:

1. The discrimination claim regarding the county's refusal to hire
the plaintiff for various county positions was correctly dismissed
by the trial court. By failing to present evidence regarding her qual-
ifications for those county positions, the plaintiff failed to establish
that there was a genuine issue of material fact concerning whether
she was qualified for the position.

2. The plaintiff established a prima facie case of gender and age
discrimination with respect to the county prosecutor's decision not
to reappoint her as chief assistant prosecutor. The plaintiff showed
that she was a member of a protected class, that she was qualified
for continued employment as chief assistant prosecutor, and that
she was replaced by someone who was younger and who was
male. However, a legitimate, nondiscriminatory reason for not reap-
pointing the plaintiff was given, and the plaintiff failed to show that
the articulated reason was a mere pretext for discrimination. The
plaintiff's political affiliation with the county prosecutor's opponent
was a legitimate, nondiscriminatory reason for not reappointing the
plaintiff inasmuch as political affiliation is pertinent to the perform-

ance of the duties of an assistant prosecutor. The plaintiff failed to show that the county prosecutor's reason for not reappointing her had no basis in fact, or, if it did, it was not the actual factor motivating the decision, or, if it was, it was insufficient to justify the decision.

3. The trial court correctly dismissed the retaliation claim. The evidence presented by the plaintiff to support the claim was not sufficient to establish a genuine issue of material fact with regard to whether there had been retaliation for the plaintiff's filing of an EEOC complaint.

4. The trial court did not clearly err in finding that the action was brought with malice to harass and embarrass the county prosecutor and that it was therefore frivolous, thereby subjecting the plaintiff to sanctions under MCL 600.2591(3)(a); MSA 27A.2591(3)(a), MCR 2.114(F), and MCR 2.625(A)(2).

Affirmed.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — PRIMA FACIE CASE.

A plaintiff, absent direct evidence of discrimination, may establish a prima facie case of employment discrimination by showing membership in a protected class, adverse employment action, qualification for position, and replacement by one who was not a member of the protected class; once a prima facie case is established, the burden shifts to the employer, who must articulate a legitimate, nondiscriminatory reason for the employment action; if the employer articulates a nondiscriminatory reason, the plaintiff must show by a preponderance of the evidence that the reason given is a mere pretext for discrimination (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

2. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — PRIMA FACIE CASE.

A plaintiff alleging employment discrimination establishes that an articulated legitimate, nondiscriminatory reason given by the employer for the challenged employment action is a mere pretext for discrimination by showing that the reason has no basis in fact, or, if it does, that it was not the actual factor motivating the decision, or, if it was, that it was insufficient to justify the decision (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

3. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — COUNTY PROSECUTORS — POLITICAL AFFILIATION.

Political affiliation inimical to that of the county prosecutor is a legitimate, nondiscriminatory reason for not reappointing an assistant prosecutor; a county prosecutor incurs no liability under the Civil Rights Act for discrimination by not reappointing on that basis (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

4. APPEAL — FRIVOLOUS CLAIMS — COSTS — SANCTIONS — STANDARD OF
     REVIEW.
     Clear error is the standard of review of a trial court's findings in sup-
     port of a decision to impose sanctions and costs against a plaintiff
     for filing a frivolous claim (MCL 600.2591[3][a]; MSA
     27A.2591[3][a]; MCR 2.114[F], 2.625[A][2]).

*Green & Green* (by *Philip Green*), for Nancy M.
Feick.

*Cummings, McClorey, Davis & Acho, P.C.* (by
*Joseph Nimako* and *Thomas J. Laginess*), for Monroe
County.

*Johnson, Rosati, Galica, Labarge, Aseltyne &
Field, P.C.* (by *Marcia L. Howe* and *Laura S. Amt-
sbuechler*), for Edward F. Swinkey.

Before: HOOD, P.J., and MCDONALD and WHITE, JJ.

PER CURIAM. Plaintiff appeals as of right from the
circuit court's order granting summary disposition
and awarding sanctions to defendants in this employ-
ment discrimination action brought under the Civil
Rights Act (CRA), MCL 37.2101 *et seq.;* MSA 3.548(101)
*et seq.* Plaintiff, a former chief assistant prosecuting
attorney, alleged that by terminating her and not sub-
sequently rehiring her for various positions, defend-
ants discriminated against her on the basis of her gen-
der and age, and retaliated against her for filing a
complaint with the Equal Employment Opportunity
Commission (EEOC). We affirm.

I

Plaintiff first argues that the circuit court improp-
erly dismissed her claims of gender and age discrimi-
nation because genuine issues of material fact

remained regarding whether defendants discriminated against her. We disagree.

A

Absent direct evidence of discrimination, a plaintiff may establish a prima facie case of employment discrimination by showing (1) that the plaintiff was a member of a protected class, (2) that an adverse employment action was taken against the plaintiff, (3) that the plaintiff was qualified for the position, and (4) that the plaintiff was replaced by one who was not a member of the protected class. *Matras v Amoco Oil Co*, 424 Mich 675, 683; 385 NW2d 586 (1986).

Plaintiff established that she was a member of protected classes on the basis of her age and gender and that she was not reappointed by Monroe County Prosecutor Edward F. Swinkey after he won the 1992 election, defeating her former boss, William Frey. Plaintiff also established that she was replaced by a younger male[1] and subsequently not rehired as chief assistant prosecutor and for various other positions. Although defendants dispute that plaintiff was qualified to be rehired as chief assistant prosecuting attorney, viewing the facts in a light most favorable to plaintiff, we conclude that plaintiff established that she was qualified for the position of chief assistant prosecutor on the basis of having held the position for seven years and the qualifications she testified to at deposition. However, regarding the remaining positions plaintiff applied for, department head in the office of the friend of the court and a position with the drain com-

---

[1] Plaintiff also presented evidence that her younger male replacement left after less than a year on the job and that another younger male was hired as chief assistant prosecutor.

mission, plaintiff presented no evidence of the qualifications required for those positions or that she met those qualifications. Accordingly, with regard to the friend of the court and drain commission positions, plaintiff failed to present the requisite evidence to establish a genuine issue of material fact that she was as qualified as the persons who obtained the positions. *Dubey v Stroh Brewery Co*, 185 Mich App 561, 564-565; 462 NW2d 758 (1990).[2]

We thus conclude that plaintiff presented a prima facie case of gender and age discrimination with respect to Swinkey's not reappointing her to the chief assistant prosecutor position on December 31, 1992, and with respect to Swinkey's failure to subsequently rehire her for that position.

B

The burden therefore shifted to defendant to articulate a legitimate, nondiscriminatory reason for not reappointing plaintiff and not subsequently rehiring her for the chief assistant prosecutor position. *Dubey*, *supra* at 563. It is undisputed that after Swinkey won the 1992 election, he did not reappoint four prosecuting attorneys who had served under Frey, his predecessor: plaintiff, another woman, and two men. In an affidavit submitted in support of his motion for summary disposition, Swinkey stated that he did not reappoint plaintiff because he wanted to hire a staff of committed and competent attorneys who would appropriately and adequately represent and further the policies and goals he promised to the electorate

---

[2] Plaintiff also applied for a position with the probate court. However, at the hearing regarding defendants' motion for summary disposition, plaintiff's counsel withdrew plaintiff's claim regarding that position.

and that he had evaluated plaintiff's performance and decided she did not possess the requisite competence and ability. Swinkey presented evidence that, before the 1992 election, Frey came under investigation by the Attorney Grievance Commission (AGC). Swinkey presented evidence that several of the charges brought against Frey involved plaintiff, including that plaintiff and Frey represented adverse parties in a divorce action while plaintiff was chief assistant prosecutor; that plaintiff took part in Frey's decision to fire Swinkey's brother, an assistant prosecutor under Frey who had testified before the AGC during its investigation of Frey; and that plaintiff had been aware that Frey was monitoring Swinkey's telephone conversations and had listened to tapes made by Frey.

Plaintiff argues that defendant discharged plaintiff "for being associated with his opponent in an election" and that such reason does not constitute a legitimate reason for its adverse employment actions but is, rather, unlawful political discrimination.[3]

In response to plaintiff's argument, Swinkey argued that, by statute, assistant prosecuting attorneys hold office at the pleasure of the prosecuting attorney. See MCL 49.35; MSA 5.795, which provides that "assistant prosecuting attorneys and other employees appointed by said prosecuting attorney under this act shall hold office during the pleasure of the prosecuting attorney." Swinkey also argues that he could properly premise not reappointing plaintiff on plaintiff's political affiliation. Under the circumstances presented here, we agree.

---

[3] Plaintiff has cited no authority in support of this argument.

A dismissal or other adverse employment action toward a public employee based solely on the employee's private political beliefs or affiliation presumptively violates the First Amendment. *Branti v Finkel*, 445 US 507, 515-517; 100 S Ct 1287; 63 L Ed 2d 574 (1980); *Rutan v Republican Party of Illinois*, 497 US 62, 65, 71-73, 75; 110 S Ct 2729; 111 L Ed 2d 52 (1990) (noting that promotions, transfers, and recalls after layoffs of lower-level public employees based on political affiliation or support impermissibly infringe their First Amendment rights). However, political affiliation may be an acceptable requirement for some types of employment. *Branti, supra* at 517-518; *Hall v Tollett*, 128 F3d 418, 422 (CA 6, 1997).

The term "political affiliation" includes not only partisan political interests and concerns, but also beliefs and commitments, *Monks v Marlinga*, 732 F Supp 749, 753, n 2 (ED Mich, 1990), aff'd 923 F2d 423 (CA 6, 1991). In the instant case, plaintiff and Swinkey are members of the same political party. The United States Court of Appeals for the Sixth Circuit in *McCloud v Testa*, 97 F3d 1536, 1553 (CA 6, 1996), held that First Amendment protection from adverse patronage employment actions extends to nonideological political factions of the same party.[4] See also *Monks, supra* at 753, n 2.

To determine whether political considerations are appropriate in making personnel decisions for a certain position, courts must examine the inherent duties

---

[4] In *McCloud*, several Franklin County auditor's office employees, who were Republicans, brought suit when they were dismissed following the resignation of the Ohio Auditor and the appointment of a rival Republican to serve out the term. *Id.* at 1539. The plaintiffs alleged that their First Amendment rights to be free of patronage dismissals were violated, contravening 42 USC 1983. *Id.* at 1541.

of that position and the duties that the new holder of that position will perform. *Hall, supra* at 423.

In *Monks, supra*, which also involved members of the same party, the plaintiffs were assistant prosecutors who brought suit against Macomb County's prosecutor, alleging that the defendant terminated them because of their political affiliation, in violation of 42 USC 1983. The district court dismissed the plaintiffs' political affiliation claims, concluding that political affiliation is pertinent to the effective performance of an assistant prosecutor's duties:

> The Court's research has uncovered no precedent squarely addressing whether political affiliation is pertinent to the performance of the duties of an assistant county prosecutor appointed pursuant to Michigan law. The language of the relevant statutes, however, suggests that an assistant prosecutor's position involves, at a minimum, "a *modicum* of policymaking responsibility, access to confidential information, *or* official communication." *Mariani-Giron v Acevedo Ruiz*, 877 F2d 1114, 1117 (1st Cir 1989) (emphasis in original). Specifically, assistant prosecutors "perform any and all duties pertaining to the office of prosecuting attorney at such time or times as he may be required so to do by the prosecuting attorney and during the absence or disability of the prosecuting attorney . . . ." [Quoting MCL 49.42, 49.52; MSA 5.802, 5.812.] . . .
>
> . . . . The mere fact that assistant prosecutors try cases under the direction of the prosecutor indicates that political loyalty is important to the office of assistant prosecutor. Every prosecuting attorney, as an elected official, necessarily possesses a political agenda. That agenda is manifested through the handling of criminal cases within such prosecutor's county. Thus, the Court cannot escape the conclusion that political affiliation is pertinent to the effective performance of an assistant prosecutor's duties. [*Monks, supra* at 753].

See also *McCloud, supra* at 1557, in which the court established four categories which attempt to capture the positions that could possibly fall into the *Branti* exception, including: Category One: positions specifically named in relevant federal, state, county or municipal law to which discretionary authority with respect to the enforcement of that law or the carrying out of some other policy of political concern is granted.

We conclude that under this line of authority, Swinkey could properly premise his decision not to reappoint plaintiff on plaintiff's political affiliation with his opponents. Swinkey thus articulated a legitimate, nondiscriminatory reason for not reappointing or subsequently rehiring plaintiff.

The burden then shifted to plaintiff to show by a preponderance of the evidence that the legitimate reason offered by defendants was a mere pretext for discrimination. *Dubey, supra* at 563. A plaintiff can establish that a defendant's articulated legitimate, nondiscriminatory reasons are pretexts (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision. *Id.* at 565-566. Plaintiff did not present evidence sufficient to satisfy any of the three prongs. She did not present evidence that defendants' reasons had no basis in fact or that they were insufficient to justify the decision not to reappoint or rehire. Plaintiff also failed to introduce evidence from which a factfinder could conclude that Swinkey's articulated reasons were not the actual factors motivating the decisions.

We conclude that the circuit court properly dismissed plaintiff's claims of age and gender discrimination because plaintiff failed to present sufficient evidence to raise a triable factual issue that Swinkey's articulated nondiscriminatory reasons for not reappointing her or subsequently rehiring her were pretexts. *Grant v Michigan Osteopathic Medical Center, Inc*, 172 Mich App 536, 540; 432 NW2d 313 (1988).

II

Plaintiff next argues that a genuine issue of material fact remained regarding whether defendants retaliated against her. We disagree.

The CRA prohibits an employer from retaliating against an employee for making a charge, filing a complaint, testifying, assisting, or participating in an investigation, proceeding, or hearing under the act. MCL 37.2701; MSA 3.548(701). *McLemore v Detroit Receiving Hosp*, 196 Mich App 391, 395-396; 493 NW2d 441 (1992). Plaintiff's retaliation claim fails because she presented no evidence from which a reasonable factfinder could infer that there was a causal connection between her EEOC complaint and defendants' adverse employment actions. *Kocenda v Detroit Edison Co*, 139 Mich App 721, 726; 363 NW2d 20 (1984); see also *Parnell v Stone*, 793 F Supp 742, 746 (ED Mich, 1992), aff'd 12 F3d 213 (CA 6, 1993). The only evidence plaintiff presented was that Swinkey testified at deposition that he was not pleased that plaintiff had filed an EEOC complaint and that he had talked about the complaint to one other person. This was insufficient to establish a causal link between plaintiff's EEOC complaint and the adverse employment actions. The circuit court properly dismissed

plaintiff's retaliation claim for failing to establish that a genuine issue of material fact remained regarding whether defendants retaliated against her for filing her discrimination complaint. *McLemore, supra* at 395-396.

In light of our disposition, we need not address defendant Monroe County's argument that it was not an employer within the meaning of the CRA. Monroe County was properly dismissed because plaintiff's claims of discrimination and retaliation failed.[5]

### III

Finally, plaintiff argues that the circuit court erred in granting defendants' motions for sanctions and costs pursuant to MCL 600.2591(3)(a); MSA 27A.2591(3)(a), MCR 2.114(F), and MCR 2.625(A)(2). A circuit court's finding that a claim is frivolous is reviewed for clear error. *LaRose Market, Inc v Sylvan Center, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995).

The trial court expressly found that the action was brought to harass and embarrass defendant Swinkey and with malice. While the conclusion was not compelled, we are unable to conclude that the circuit court's finding was clearly erroneous.

Affirmed.

---

[5] Plaintiff alleged that Monroe County funded and assisted in operating the office of Monroe County prosecutor and assisted in staffing that office with assistant prosecutors, all of whom are Monroe County employees.