*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

QUARTESIA RACHELLE FIELDS,

UNPUBLISHED
April 30, 2019

Plaintiff-Appellant,

v

No. 341626
Wayne Circuit Court
LC No. 16-005615-CD

METRO MAN II, INC., doing business as FOUR
SEASONS NURSING CENTER OF
WESTLAND, and CHARLES A. DUNN,

Defendants-Appellees.

Before: MURRAY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition in this case alleging employment discrimination. We affirm.

## I. BACKGROUND

This case arises from the termination and subsequent failure to rehire plaintiff, an African-American female, as a nurse at Four Seasons Nursing Center. Just prior to the time her employment ended with Four Seasons, plaintiff worked full-time at the Detroit Veterans Hospital (the VA), and part-time at Four Seasons. Nurses at Four Seasons had to work mandated overtime if another nurse called in during his or her shift. Nurses were mandated in order according to a mandation list. According to an unwritten policy, failure to work mandated hours could result in termination.

On May 3, 2013, plaintiff worked at the VA from 7:00 a.m. to approximately 3:00 p.m. before going to Four Seasons to work the afternoon shift from 3:00 p.m. to 11:00 p.m. At the end of plaintiff's shift, she was told that she was mandated to work the midnight shift from 11:00 p.m. to 7:00 a.m. Plaintiff objected because the mandated hours would require her to work 24 hours straight, which could impair her nursing judgment, and put her patients' care at risk. Plaintiff started to work the mandated hours, but when she was told to work in a different unit, she refused, and left the facility. After a meeting between plaintiff and others at Four Seasons, where plaintiff was told she could return to work, plaintiff was subsequently scheduled to work.

-1-

However, on the day she was to return, plaintiff was informed that she had to speak to the director of nursing, Stacey Turnipseed, before coming in. Plaintiff attempted to contact Turnipseed several times, but never got a response. Plaintiff did not return to her job at Four Seasons. However, after a few months, Joann Merriman, a Caucasian nurse who had been terminated for not performing mandated time, was rehired. Plaintiff claims that she was subject to employment discrimination on the basis of race because Merriman was fired for the same misconduct as plaintiff (refusing to work mandated hours) but Merriman was rehired, and plaintiff was not.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), which the trial court granted on the basis that plaintiff failed to establish a genuine issue of material fact regarding a prima facie case of racial discrimination, and as to whether defendants' reasons for not rehiring plaintiff were a pretext for discrimination. Additionally, the court concluded that defendant Charles Dunn had no knowledge of the relevant events, defendants treated other African-American employees more favorably than plaintiff, and routinely hired and rehired African-Americans, and plaintiff was not entitled to damages.

## II. ANALYSIS

This Court reviews a motion for summary disposition de novo, *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013), reviewing only the evidence that was presented at the time that the trial court made its decision on the motion, *id*. at 120. A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of a plaintiff's claim, with the evidence being considered in the light most favorable to the nonmoving party. *Id* at 115-116. Summary disposition is proper under MCR 2.116(C)(10) if " 'there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Id*. at 116 (citation omitted). There is a genuine issue of material fact " 'when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Id*. (citation omitted). Statutory interpretation is a question of law reviewed de novo. *Bageris v Brandon Twp*, 264 Mich App 156, 161; 691 NW2d 459 (2004). Whether the Civil Rights Act, MCL 37.2101 *et seq*., authorizes a cause of action against an individual agent is a question of law reviewed de novo. *Elezovic v Ford Motor Co*, 472 Mich 408, 418; 697 NW2d 851 (2005).

Plaintiff first argues that the trial court erred when it granted defendants' motion for summary disposition because she established genuine issues of material fact both in regards to her establishing a prima facie case of racial discrimination, and as to whether defendants' proffered reasons for their actions were a mere pretext for intentional discrimination.

MCL 37.2202(1)(a) and (b) of the Civil Rights Act, provide:

(1) An employer shall not do any of the following:

(a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status.

(b) Limit, segregate, or classify an employee or applicant for employment in a way that deprives or tends to deprive the employee or applicant of an employment opportunity, or otherwise adversely affects the status of an employee or applicant because of religion, race, color, national origin, age, sex, height, weight, or marital status.

Courts have recognized two categories of discrimination claims under the Civil Rights Act: disparate treatment and disparate impact. *Wilcoxon v Minn Mining & Mfg Co*, 235 Mich App 347, 358; 597 NW2d 250 (1999). Here, plaintiff alleged disparate treatment on the basis that she was treated differently than another employee, Merriman, who was a different race.

When, as here, there is no direct evidence of discrimination, the plaintiff "must then proceed through the familiar steps" of *McDonnell Douglas Corp v Green*, 411 US 792, 802-803; 93 S Ct 1817; 36 L Ed 2d 668 (1973), to avoid summary disposition. *Hazle v Ford Motor Co*, 464 Mich 456, 462-463; 628 NW2d 515 (2001). "The *McDonnell Douglas* approach allows a plaintiff 'to present a rebuttable prima facie case on the basis of proofs from which a factfinder could *infer* that the plaintiff was the victim of unlawful discrimination.' " *Id*. at 462 (citation omitted).

First, plaintiff must put forth evidence establishing a prima facie case of discrimination. *Id*. at 463. To establish a prima facie case of discrimination, plaintiff is "required to present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) the job was given to another person under circumstances giving rise to an inference of unlawful discrimination." *Id*. If plaintiff is able to successfully establish a prima facie case of discrimination, "the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the adverse employment action taken." *Major v Village of Newberry*, 316 Mich App 527, 541; 892 NW2d 402 (2016). If the defendant is able to do so, the plaintiff must present evidence that the explanation provided by the employer constitutes pretext for discrimination to prevail on the claim. *Id*. at 542. A plaintiff can establish pretext:

> (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision. [*Id*. at 542 (citation omitted).]

Plaintiff asserts that she established a prima facie case of racial discrimination in defendants' failure to rehire her.[1] Based on the record, it is readily apparent that plaintiff

---

[1] Although plaintiff's argument in her brief, and the allegations in her complaint, focus on defendants' failure to rehire her, she makes some general statements regarding her "termination" in both documents. Nevertheless, plaintiff's counsel seemed to concede at oral argument before this Court that the claim is based solely on a failure to rehire, and plaintiff's deposition testimony likewise seems clear that the failure to rehire is what she asserts to have been discriminatory. However, to the extent plaintiff asserts this as a basis for her discrimination claim, it was

produced evidence to satisfy the four requirements. *Hazle*, 464 Mich at 462. Specifically, plaintiff is a member of a protected class, see *Harrison v Olde Fin Corp*, 225 Mich App 601, 608 n 7; 572 NW2d 679 (1997) ("As an African-American, plaintiff is a member of a protected class."), and was minimally qualified for her position as a nurse because she obtained an associate's degree in nursing in 2010, and worked as a nurse since that time at several facilities. Plaintiff also alleges she was not rehired for the position, and the failure to rehire is an adverse employment action. See *Feick v Co of Monroe*, 229 Mich App 335, 338-339; 582 NW2d 207 (1998). Additionally, Merriman, a Caucasian who was also terminated from employment with Four Seasons for failing to work mandated overtime, was rehired, but plaintiff was not. The fourth requirement was met. *Hazle*, 464 Mich at 462.

Because plaintiff established a prima facie case, the burden of production shifted to defendants to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Major*, 316 Mich App at 541. Defendants met this burden. Defendants provided legitimate, nondiscriminatory reasons why Merriman was rehired after being terminated for refusing to work mandated hours, but plaintiff was not. Specifically, Ferguson vouched for Merriman, her friend and long-time coworker, and encouraged her to reapply. Ferguson averred that she suggested to Gloria Camano that she rehire Merriman, and Merriman then followed through. According to Ferguson, Merriman was rehired because of Ferguson's "insistence" with Camano.

Many courts have held that a former employer satisfies the minimal burden of production when it articulates that an employee was treated differently because of a friendship or close relationship. See *Swackhammer v Sprint/United Mgmt Co*, 493 F3d 1160, 1170-71 (CA 10, 2007) (employer's proof that differential treatment was motivated by male employee's close relationship with supervisor supplied nondiscriminatory explanation for employment action); *Brandt v Shop 'N Save Warehouse Foods, Inc*, 108 F3d 935, 938 (CA 8, 1997) (cronyism accepted as legitimate, nondiscriminatory reason sufficient to rebut plaintiff's prima facie case); *Foster v Dalton*, 71 F3d 52, 55 (CA 1, 1995) (holding employer successfully rebutted plaintiff's prima facie case by proffering cronyism as a nondiscriminatory reason, and stating that the promotion decision "was a near-classic case of an old boy network in operation, but not a situation in which the employment decision was motivated by racial animus"); *Lamphere v Brown Univ*, 685 F2d 743, 750 n 2 (CA 1, 1982); *Brown v Delaware River Port Auth*, 10 F Supp 3d 556, 564 (D NJ, 2014).[2]

---

properly dismissed. Plaintiff produced no evidence of a Caucasian who refused to work a mandated shift and was not terminated. And, in fact, as her comparable for the failure to rehire claim, plaintiff points to Merriman—a Caucasian who was repeatedly terminated for refusing mandated time.

[2] Although decisions of federal courts are not binding precedent on this Court, they may be considered as persuasive authority. *Sharp v City of Lansing*, 464 Mich 792, 802-803; 629 NW2d 873 (2001).

Because defendants articulated legitimate, nondiscriminatory reasons to rehire Merriman, but not plaintiff, the burden shifted to plaintiff to present evidence to establish that the explanation provided by defendants creates a jury-submissible issue on whether the explanation constitutes a pretext for discrimination. *Major*, 316 Mich App at 542.

"[A] plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Town v Mich Bell Tel Co*, 455 Mich 688, 704; 568 NW2d 64 (1997), abrogated in part on other grounds by *Gross v FBL Fin Servs, Inc*, 557 US 167; 129 S Ct 2343; 174 L Ed 2d 119 (2009) (quotation marks and citation omitted). To hold otherwise would have this Court act as a "super personnel department," second guessing an employers' legitimate decisions. *Campbell v Dep't of Human Servs*, 286 Mich App 230, 250; 780 NW2d 586 (2009) (MURRAY, J., concurring in part and dissenting in part).

Plaintiff offered a second affidavit of Ferguson to demonstrate that defendants' reasons for not rehiring plaintiff were a pretext for unlawful discrimination. In this affidavit, Ferguson attested that plaintiff was an "excellent" nurse, that she was never disciplined, and that she told Turnipseed that plaintiff was trying to reach her. This rebuttal evidence did not raise a genuine issue of material fact sufficient to establish that the decision to rehire Merriman based on her relationship with Ferguson, and Merriman's efforts to be rehired, were a pretext for unlawful discrimination. As detailed below, nothing submitted by plaintiff creates an issue of fact regarding whether these reasons had a basis in fact, did not actually motivate the decision, or were not sufficient to support the decision. In other words, plaintiff has offered nothing to create a genuine issue regarding whether defendants' reasons for rehiring Merriman were pretexts for unlawful discrimination. Indeed, nothing submitted raises an inference of illegal discrimination.[3]

Plaintiff provided evidence of Merriman's work history to argue that defendants' reasons were pretext because Merriman had many instances of discipline and terminations, whereas plaintiff had a clean work record. This does not create a jury-submissable issue on pretext. For one, it does not address the reason why Merriman was rehired and plaintiff was not. In other words, who had the better employment record does not address whether Merriman's friendship with Ferguson—and Ferguson's "insistence" with Camano that Merriman be rehired—resulted

---

[3] We note that numerous courts have held that an employment decision based upon favoritism between friends does not raise an inference of unlawful discrimination. See *Swackhammer*, 493 F3d at 1170-71 (unfair favoritism does not create an inference of discrimination); *Holder v City of Raleigh*, 867 F2d 823, 825-26 (CA 4, 1989) (favoritism towards friends or relatives is not a per se violation of Title VII); *Autry v NC Dep't of Human Resources*, 820 F2d 1384, 1386-1387 (CA 4, 1987) (plaintiff's proof that hiring decision was based on favoritism did not raise an inference of discrimination in Title VII failure to promote case); *Woods v State*, 469 F Supp 1127, 1131-1132 (SD NY, 1979) (holding that any discrimination asserted on grounds of nepotism is not the sort of racial discrimination prohibited by § 1981).

in her being rehired. Additionally, evidence that Merriman was again terminated and rehired in 2015 does not establish that defendants' reasoning for failing to rehire plaintiff in 2013 was a pretext.

We likewise reject plaintiff's attempt to establish pretext by arguing that there was no mandation policy in place in May 2013, and that the lower court improperly accepted the policy in effect in 2017 as the same policy in effect in May 2013. First, the mandation policy related to the reason why plaintiff's employment ended with Four Seasons, not why she was not rehired. Second, plaintiff testified that she knew *before she was terminated* of the mandation procedure used when there was a vacancy in the shift nurses, and knew that she could be fired for refusing to work mandated hours. Other witnesses, including Shamia Davis (another nurse at Four Seasons), Camano (a Four Seasons manager), and Ferguson, testified consistently with plaintiff that there was an unwritten mandation procedure that was in place at Four Seasons prior to May 3, 2013. Therefore, plaintiff failed to raise any genuine issue of material fact as to pretext in defendants' legitimate nondiscriminatory reasons for failing to rehire plaintiff.[4]

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

---

[4] Even if plaintiff had created a jury-submissable issue on her discrimination claim, the dismissal of Dunn would still have been appropriate. Plaintiff failed to establish that Dunn engaged in discriminatory behavior in violation of the Civil Rights Act while acting in his capacity as owner of Four Seasons. Therefore, he cannot be held individually liable for a violation of the Civil Rights Act. *Elezovic v Bennett*, 274 Mich App 1, 15; 731 NW2d 452 (2007). Plaintiff admitted that although Dunn was the "owner or administrator" of Four Seasons, she had never spoken to him, and she "wouldn't know" if he was involved in her termination decision. Plaintiff did not know if Dunn knew about her situation. Similarly, Dunn testified that he "didn't know anything about [plaintiff] or the other lady [Merriman]," and that he had no involvement in plaintiff's termination, or the decision not to rehire her. Nor did plaintiff produce any evidence that Dunn was made aware of the decision to not rehire plaintiff.