*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DALE GORM,

        Plaintiff-Appellant,

v

NORTHERN BAY AMBULANCE & RESCUE
SERVICE, also known as
NORTHERN BAY AMBULANCE,

        Defendant-Appellee.

UNPUBLISHED
December 19, 2024
2:10 PM

No. 368783
Bay Circuit Court
LC No. 22-003535-CZ

Before: BORRELLO, P.J., and MALDONADO and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants pursuant to MCL 2.116(C)(10) (no genuine issue of material fact). We reverse.

## I. BACKGROUND

This case arises out of plaintiff's termination from his position at Northern Bay Ambulance (NBA). NBA is a small, municipal-based, publicly funded ambulance company, at which plaintiff was an at-will employee and had no disciplinary actions in his work history. In May 2022, plaintiff complained, on two separate occasions, to the Chairman of NBA's Board about poorly maintained tires on ambulances. In particular, plaintiff complained about Jones, the operations manager at NBA, suggesting that she should be fired for her failure to ensure the safe conditions of the ambulances. On July 1, 2022, plaintiff and 2 other paramedics, Granger and Balance, were in NBA's common area when plaintiff inadvertently found a sensitive document on a common-use computer and he shared it with other employees. The document contained social security numbers and salary information for NBA employees. On July 14, 2022, plaintiff received a letter notifying him that, because he purposely shared confidential information without authorization, he was terminated from his employment.

Defendant has consistently maintained that plaintiff was fired for a legitimate business reason—mishandling confidential information. However, plaintiff maintains that defendant used an exaggerated business reason as a pretext for unlawful retaliation for his reports regarding the

tires. Plaintiff filed a lawsuit alleging that defendant retaliated against him in violation of the Whistleblowers' Protection Act (WPA), MCL 15.369 *et seq*. The trial court ultimately granted summary disposition in favor of defendant, ruling that plaintiff had failed to establish a causal connection between his report and his termination. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo "[a] trial court's decision on a motion for summary disposition." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012). A motion brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint in light of "the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. "The moving party has the initial burden of supporting its position with documentary evidence, but once the moving party meets its burden, the burden shifts to the nonmoving party to establish that a genuine issue of disputed fact exists." *Peña v. Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003) (quotation marks and citation omitted).

## III. WPA CLAIM

Plaintiff argues that the trial court erred by granting summary disposition to defendant on his claim that he was discharged in retaliation for engaging in a protected activity by the WPA. We agree.

Pursuant to MCL 15.362, the WPA prohibits an employer from taking adverse employment action against an employee who reports, "or is about to report, a violation or suspected violation of law to a public body," verbally or in writing. *Pace v Edel-Harrelson*, 499 Mich 1, 6; 878 NW2d 784 (2016). Our Supreme Court has outlined three elements a plaintiff must show in order to establish a prima facie case of retaliation:

> (1) The employee was engaged in one of the protected activities listed in the provision.
>
> (2) [T]he employee was discharged, threatened, or otherwise discriminated against regarding his or her compensation, terms, conditions, location, or privileges of employment.
>
> (3) A causal connection exists between the employee's protected activity and the employer's act of discharging, threatening, or otherwise discriminating against the employee. [*Wurtz v Beecher Metro Dist*, 495 Mich 242, 250-252; 848 NW2d 121 (2014).]

To establish a prima facie case, a plaintiff can rely on either direct evidence of retaliation or indirect evidence. *Id*. " 'Direct evidence' is evidence that, if believed, requires the conclusion

that unlawful discrimination was at least a *motivating factor* in the employer's actions." *McNeill-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 17; 891 NW2d 528 (2016) (emphasis added, quotation marks, citation, and alteration omitted). On the other hand, to prevail using indirect evidence, a plaintiff must present evidence from "which a factfinder could *infer* that the plaintiff was the victim of unlawful retaliation." *Debano-Griffin v Lake Co*, 493 Mich 167, 176; 828 NW2d 634 (2013) (quotation marks, citation, and alteration omitted). If plaintiff establishes a prima facie case, there is a presumption of retaliation, which the employer may rebut by offering "a legitimate reason for its action . . . ." *Id*. "A plaintiff may still avoid summary disposition, however, by showing that a reasonable finder of fact could conclude that the reason offered by the defendant is a pretext for unlawful adverse employment action." *Green v Pontiac Public Library*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7. "[P]laintiff can establish that a defendant's articulated legitimate . . . reasons are pretexts (1) by showing the reasons had no basis in fact, (2) if they have a basis in fact, by showing that they were not the actual factors motivating the decision, or (3) if they were factors, by showing that they were jointly insufficient to justify the decision." *Feick v Monroe Co*, 229 Mich App 335, 343; 582 NW2d 207 (1998). "[T]he proofs offered in support of the prima facie case may be sufficient to create a triable issue of fact that the employer's stated reason is a pretext, as long as the evidence would enable a reasonable factfinder to infer that the employer's decision had a . . . retaliatory basis." *Taylor v Modern Engineering, Inc*, 252 Mich App 655, 661; 653 NW2d 625 (2002) (quotation marks, citation, and alteration omitted).

In this case, plaintiff reported twice about poorly maintained tires. It is undisputed that both of those reports constitute a protected activity under the WPA. Plaintiff was fired on July 14. Jones knew about the report because the Chairman told her about it. The Chairman also told Jones that plaintiff suggested firing her. The first two elements of the prima facia case are satisfied. As to the third element—causation—defendant has consistently maintained that plaintiff was fired because he misused and purposely shared confidential information.

The record has sufficient evidence for a rational fact-finder to conclude that the mishandling of sensitive information was a pretext. First, plaintiff was fired less than two months after his first report, and the proximity in time to protected activity suggests a causal link. Further, defendant had knowledge of plaintiff's protected activity before she made the decision to terminate him. Additionally, the record suggests that plaintiff accidentally found sensitive information on a common-use computer. On the other hand, Granger was not disciplined even though she did not immediately report the same incident. Instead, she made fun of her colleague, Balance, by teasing him that she had his private information despite knowing that he was previously traumatized by identity theft. Indeed, another employee indicated in an incident report that Balance was particularly upset with Granger because she "told him that she knew his social security number and how much money he made last year." There is no clear reason why Jones fired plaintiff but did not take any disciplinary actions against Granger, even though Granger actually took extra steps and indicated her plan to use private and sensitive information against her colleague, albeit jokingly. If a party submits documentary evidence to support his or her position, the jury should decide issues of credibility. "The trial court must not usurp a trial jury's right ... to determine the affiant's credibility. In this case plaintiff submitted incident reports made shortly after the incident plus deposition testimony. Moreover, summary disposition is especially suspect where motive and intent are at issue, or where the credibility of a witness or deponent is crucial." *711 SSC Associates*

*Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 365; 480 NW2d 275 (1991) (citation omitted).

Defendant relies heavily on plaintiff's deposition testimony to support the assertion that there is no causal connection between his reports and his termination. At the deposition, plaintiff said, "I believe she fired me, terminated me, because I told Don to fire her, under no uncertain terms. I think it was direct retaliation for that." Defendant characterizes this as an admission to a lack of a causal connection. However, a rational jury could find that plaintiff's assertion that Jones should be fired was directly connected to his allegations that Jones failed to provide safe tires. Put differently, a jury could find that there were not separate reports regarding the condition of the tires and plaintiff's position that Jones should be fired; rather, this was all intertwined.

In sum, plaintiff presented sufficient circumstantial evidence to allow a reasonable fact-finder to infer that plaintiff's protected activity, i.e., reporting Jones's failures to the Chairman, was a motivating factor in the decision to terminate him. A reasonable fact-finder could also infer that the proposed legitimate business reason—the privacy breach—was just a pretext. Therefore, there is an issue of fact as to why plaintiff was fired "upon which reasonable minds might differ." *West*, 469 Mich at 183.

The court's order granting summary disposition in favor of defendant is reversed. This case is remanded for additional proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Allie Greenleaf Maldonado
/s/ Randy J. Wallace