Wilder, J.
 

 Plaintiff appeals as of right the trial court’s order granting defendants’ motion for summary disposition in this claim under the Whistle-blowers’ Protection Act (wpa), MCL 15.361
 
 et seq.
 
 We affirm.
 

 1. FACTS and proceedings
 

 Plaintiff was employed by defendant Modem Engineering, Inc. Under a contract between Modem Engineering and defendant DaimlerChrysler (then Chrysler), plaintiff worked at the Chrysler Jeep Truck Engineering Plant as a wood model maker. Although plaintiff was hired as a wood model maker, at the time he was fired only about five percent of his time was devoted to model making because computer aided design and computer aided manufacturing made hand-made wood models nearly obsolete. Accordingly, much of plaintiff’s work consisted of activities he was not originally hired to do, including make-work carpentry and furniture-making tasks that could fill his time. The record established that plaintiff sat idle for about fifty percent of his working hours.
 

 Plaintiff’s employment with Modem Engineering began in approximately 1988 and ended on February 26, 1999. On February 22, 1999, a representative of Modem Engineering came to plaintiff’s work site and told him that his employment was being terminated
 
 *657
 
 because he was no longer qualified to do the work his employer needed him to do.
 

 Plaintiff contends that for approximately two years before he was fired, he had expressed concern on numerous occasions regarding safety conditions in the workplace. Specifically, plaintiff claims he addressed problems with housekeeping, unguarded machines, machines that needed dust-collecting devices, and the presence of carbon monoxide fumes in his work area. Plaintiff alleges that he directed some of these concerns to his attorneys and that he also spoke to his manager at DaimlerChrysler. Plaintiff also asserts that the department safety representative was aware of and remedied some of plaintiffs concerns, and that he had also communicated his complaints to a representative of Modem Engineering, Kelly Davis.
 

 Plaintiff further alleges that he had intended to report these safety concerns to governmental authorities and that he had repeatedly told Davis that this was his intent. According to plaintiff, the last of his conversations with Davis regarding his intent to report his concerns was in early January 1999. Plaintiff never made an official report to any governmental agency, but says that he did contact the Department of Labor to learn the procedures for filing a complaint. Plaintiff did not know exactly when he contacted the Department of Labor, but believed that it was between June and December 1998. Plaintiff claims that the Department of Labor representative instructed him to take pictures of the conditions and gather documents regarding suspected violations, and that his inability to get all the documentation, specifically Material Safety Data Sheets, prevented him from
 
 *658
 
 filing his complaint. Sometime in late 1998, and then again in mid-February 1999, plaintiff told his supervisor that he had called the Department of Labor.
 

 Plaintiff filed suit under the wpa, claiming that defendants fired him because he was about to report safety violations to a public body, which is a protected activity under the wpa. Defendants jointly moved for summary disposition on the basis of MCR 2.116(C)(10), arguing that plaintiff could not prove a prima facie case under the wpa and that he had failed to demonstrate that their legitimate business reason for terminating his employment was a pretext. Defendants asserted that plaintiffs employment was terminated so that DaimlerChrysler’s need for a computerized numerical control (CNC) programmer, who knew how to use the computer-aided design program used by DaimlerChrysler, the catia program, could be met. The trial court granted defendants’ motion, and this appeal ensued.
 

 H. STANDARD OF REVIEW
 

 We review de novo a trial court’s decision on a motion for summary disposition.
 
 Veenstra v Washte-naw Country Club,
 
 466 Mich 155, 159; 645 NW2d 643 (2002). A motion brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the plaintiffs claim.
 
 Veenstra, supra
 
 at 163. In order to prevent summary disposition, the nonmoving party must show by use of substantively admissible evidence that a genuine issue of material fact exists.
 
 Id.
 
 We view all the evidence presented in a light most favorable to the nonmoving party.
 
 Id.
 
 at 164. If no genuine issues of material fact exist, the moving party is entitled to judgment as a matter of law.
 
 Id.
 

 
 *659
 
 m. ANALYSIS
 

 Plaintiff argues first that the trial court erred in finding that plaintiff had not established a prima facie case under the wpa. Assuming, without deciding, that plaintiff is correct, nevertheless, plaintiff failed to present sufficient evidence that defendants’ stated reasons for firing him were pretextuai. Accordingly, the trial court correctly granted summary disposition in favor of defendants.
 

 When considering claims under the WPA, we apply the burden-shifting analysis used in retaliatory discharge claims under the Civil Rights Act, MCL 37.2101
 
 et seq. Roulston v Tendercare (Michigan), Inc,
 
 239 Mich App 270, 280-281; 608 NW2d 525 (2000). If the plaintiff has successfully proved a prima facie case under the wpa, the burden shifts to the defendant to articulate a legitimate business reason for the plaintiff’s discharge.
 
 Id.
 
 If the defendant produces evidence establishing the existence of a legitimate reason for the discharge, the plaintiff then has the opportunity to prove that the legitimate reason offered by the defendant was not the true reason, but was only a pretext for the discharge.
 
 Id.
 

 Here, defendants offered evidence that they discharged plaintiff because his wood model-making skills were no longer needed, and that they had reorganized the department that plaintiff worked in because they needed to hire someone with cnc skills and experience, not because plaintiff was about to report safety violations to a public body. This evidence satisfies defendants’ burden.
 

 Plaintiff argues that this was not the true reason for his discharge—that defendants’ departmental reorgan
 
 *660
 
 ization was merely a pretext. In order for plaintiff’s claim to survive the motion for summary disposition, plaintiff must “demonstrate that the evidence in the case ... is ‘sufficient to permit a reasonable trier of fact to conclude that [plaintiff’s protected activity] was a motivating factor in the adverse action taken by the employer ....’”
 
 Hazle v Ford Motor Co,
 
 464 Mich 456, 465; 628 NW2d 515 (2001), quoting
 
 Lytle v Malady (On Rehearing),
 
 458 Mich 153, 176; 579 NW2d 906 (1998). In other words, a plaintiff must “ ‘raise a triable issue that the employer’s proffered reason . . . was a pretext for [retaliating against plaintiff’s protected activity].’ ”
 
 Hazle, supra
 
 at 465-466, quoting
 
 Lytle, supra
 
 at 176. “A plaintiff can prove pretext either directly by persuading the court that a retaliatory reason more likely motivated the employer or indirectly by showing that the employer’s proffered explanation is unworthy of credence.”
 
 Roulston, supra
 
 at 281, citing
 
 Hopkins v Midland,
 
 158 Mich App 361, 380; 404 NW2d 744 (1987).
 

 Plaintiff first argues that the evidence shows that the stated reason for the discharge was not legitimate because the reorganization involved only his position. We disagree. A work force reduction can legitimately consist of the elimination of only one employee.
 
 Lytle, supra
 
 at 177, n 27. Here, the reorganization of plaintiff’s department consisted of the elimination of his position and the hiring of a person with different skills to do different work. We conclude that, as with work force reductions, the number of employees involved in a reorganization does not, by itself, affect whether a reorganization actually took place.
 

 Plaintiff next argues that the proffered reason for the termination of his employment was pretextual
 
 *661
 
 because he was not permitted to complete the training necessary to meet his employers’ changing needs. However, plaintiff presents no evidence to establish that defendants prevented him from receiving the training he needed to meet his employers’ requirements. Instead, the evidence showed that while other employees worked at their own initiative to obtain the training needed to meet their employers’ evolving needs, plaintiff did not take sufficient steps to develop the necessary qualifications to operate the computer aided equipment in the required timeframe.
 

 Finally, plaintiff argues that his alleged pending report of safety concerns to the Department of Labor, and not defendants’ workplace reorganization, motivated defendants to terminate his employment. Plaintiff claims that the short time between the last time he notified defendants that he was reporting safety issues and the termination of his employment shows that defendants fired him because he was going to engage, or had engaged, in protected activity. Close timing between alleged protected activity and the termination of a plaintiff’s employment may establish the “causal connection” element of a plaintiff’s prima facie case of retaliation, and “[t]he proofs offered in support of the prima facie case may be sufficient to create a triable issue of fact that the employer’s stated reason is a pretext, as long as the evidence would enable a reasonable factfinder to infer that the employer’s decision had a discriminatory [here, retaliatory] basis.”
 
 Town v Michigan Bell Telephone Co,
 
 455 Mich 688, 697; 568 NW2d 64 (1997).
 
 [1]
 

 
 *662
 
 In the proceedings below, the trial court, relying on
 
 Swanson v General Services Administration,
 
 110 F3d 1180 (CA 5, 1997), found that any temporal relationship between plaintiffs alleged protected activity and the termination of his employment could not establish that the stated reason was a mere pretext. We agree that the short time between plaintiff’s participation in protected activity and the termination of plaintiff’s employment, without more, is insufficient to establish that the stated reason was a mere pretext. In
 
 Roulston, supra
 
 at 281-282, this Court found that the short period between when the plaintiff’s employer was notified of her whistleblowing activity and when her employment was terminated,
 
 coupled with other evidence that the plaintiff presented,
 
 created a genuine issue of material fact that the termination was pretextual. Here, as the foregoing discussion demonstrates, plaintiff has presented no evidence other than the timing of the events from which a jury could infer that defendants retaliated against him. The lack of evidence other than the timing of plaintiff’s termination in relation to his participation in protected activity fails to create a genuine issue of material fact that the termination was retaliatory. Rather, plaintiff’s reliance solely on the timing of his termination merely serves to encourage speculation.
 
 Sanchez v Henderson,
 
 188 F3d 740, 747 (CA 7, 1999). See also
 
 Skrjanc v Great Lakes Power Service Co,
 
 272 F3d 309, 317 (CA 6, 2001), citing
 
 Conner v Schnuck Mkts, Inc,
 
 121 F3d 1390, 1397-1398 (CA 10, 1997);
 
 Sprenger v Federal Home Loan Bank of Des Moines,
 
 253 F3d 1106, 1114 (CA 8, 2001);
 
 Pugh v Attica, Indiana,
 
 259 F3d 619, 628-629 (CA 7, 2001);
 
 Walton v
 
 
 *663
 

 Mental Health Ass’n of Southeastern Pennsylvania,
 
 168 F3d 661, 669-670 (CA 3, 1999).
 

 Affirmed.
 

 [1]
 

 We reiterate that in this case we have assumed, without deciding, that plaintiff has established a prima facie case against defendants under the WPA.