# STATE OF MICHIGAN

# COURT OF APPEALS

ROSANNE COTTONE,

        Plaintiff-Appellant,

v

INGHAM INTERMEDIATE SCHOOL
DISTRICT,

        Defendant-Appellee.

UNPUBLISHED
March 10, 2016

No. 324959
Ingham Circuit Court
LC No. 13-000657-CD

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Rosanne Cottone, appeals as of right the trial court's October 22, 2014 order granting summary disposition to defendant, Ingham Intermediate School District, pursuant to MCR 2.116(C)(10) with respect to plaintiff's claim under the Whistleblower's Protection Act (WPA), MCL 15.361 *et seq*. Plaintiff also challenges the trial court's December 4, 2013 order granting summary disposition to defendant pursuant to MCR 2.116(C)(8) with respect to plaintiff's public policy claim. We affirm.

## I. BACKGROUND

Plaintiff was employed as a speech and language pathologist with the "Early On" program administered by defendant from October 2012 until March 2013. As a speech and language pathologist with defendant, plaintiff's duties included evaluating children referred to the program to determine whether each needed speech and language therapy as well as providing services to the children on her caseload. In December 2012, after experiencing various difficulties working with other employees, plaintiff told her supervisor that she intended to report suspected violations of various laws, policies, and regulations to the Michigan Department of Education. Three months later, in March 2013, defendant terminated plaintiff's employment at the recommendation of defendant's human resources department.

Plaintiff filed this lawsuit against defendant in June 2013, three months after her employment was terminated. In her three-count complaint, plaintiff alleged (1) that defendant violated the WPA by terminating her employment because she reported or was about to report a violation or suspected violation of law, (2) that defendant violated public policy by terminating her employment for the same reasons, and (3) that defendant violated the Persons With Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*. Defendant subsequently moved

-1-

for summary disposition with respect to plaintiff's public policy claim pursuant to MCR 2.116(C)(8), arguing that the WPA was plaintiff's exclusive remedy based on the allegations asserted by plaintiff in her complaint. The trial court agreed and entered an order reflecting the same on December 4, 2013. Shortly thereafter, a stipulated order of dismissal with respect to plaintiff's PWDCRA claim was entered on April 2, 2014. Defendant then moved for summary disposition with respect to plaintiff's remaining claim, her WPA claim, pursuant to MCR 2.116(C)(10), arguing that plaintiff was not engaged in a protected activity under the WPA and could not prove that the reasons for the termination of her employment were pretextual. The trial court again agreed and entered an order reflecting the same on October 22, 2014. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff challenges the trial court's December 4, 2013 order granting summary disposition to defendant pursuant to MCR 2.116(C)(8) with respect to her public policy claim and the trial court's October 22, 2014 order granting summary disposition to defendant pursuant to MCR 2.116(C)(10) on her WPA claim. Plaintiff's MPDCRA claim, which was dismissed by stipulation as stated above, is not at issue in this appeal.

### A. STANDARD OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Motions for summary disposition under MCR 2.116(C)(8) and (C)(10) test the legal sufficiency of the complaint. *Id*. at 119-120. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 119 (citations and internal quotation marks omitted). When deciding a motion brought under MCR 2.116(C)(8), courts consider only the pleadings and must accept all well-pleaded factual allegations as true. *Id*. at 119-120. Somewhat similarly, a motion under MCR 2.116(C)(10) is to be granted when the moving party is entitled to judgment as a matter of law. *Id*. at 120. "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10)." *Id*. at 121. While it is true that, for purposes of MCR 2.116(C)(10), courts must consider affidavits, depositions, admissions, and other documentary evidence in a light most favorable to the nonmoving party, it is equally true that the nonmoving party must "set forth specific facts at the time of the motion showing a genuine issue for trial." *Id*. at 120-121.

### B. PLAINTIFF'S PUBLIC POLICY CLAIM

On appeal, plaintiff first challenges the trial court's December 4, 2013 order granting defendant summary disposition pursuant to MCR 2.116(C)(8) with respect to her public policy claim. Specifically, she contends that, because "the lion's share" of her allegations concerned activities not protected by the WPA, the proper avenue of relief for those allegations was a public policy claim. We disagree.

As a general rule, Michigan law presumes that an employment relationship is terminable at the will of either party. *Lytle v Malady (On Rehearing)*, 458 Mich 153, 163; 579 NW2d 906 (1998). However, there exists an exception to this general rule "based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable." *Suchodolski v Mich Consol Gas Co*, 412 Mich 692, 695; 316 NW2d 710 (1982). This exception generally applies in three scenarios: "(1) adverse treatment of employees who act in accordance with a statutory right or duty, (2) an employee's failure or refusal to violate a law in the course of employment, or (3) an employee's exercise of a right conferred by a well-established legislative enactment." *Kimmelmann v Heather Downs Mgmt Ltd*, 278 Mich App 569, 573; 753 NW2d 265 (2008). Nevertheless, "where there exists a statute explicitly proscribing a particular adverse employment action, that statute is the exclusive remedy, and no other 'public policy' claim for wrongful discharge can be maintained." *Id*. at 573.

In this case, the trial court properly granted summary disposition to defendant on plaintiff's public policy claim. While plaintiff does not specifically identify any of the exceptions set forth above as the basis for her public policy claim, it appears as though her claim is based on the allegation that she was retaliated against for her refusal to violate various laws, policies, and regulations. However, plaintiff's WPA claim is based on the same factual allegations. Plaintiff's allegations, whether under public policy or the WPA claim, centered on her assertion that defendant discriminated against her and ultimately terminated her employment because she reported or was about to report violations or suspected violations of the Michigan Mandatory Special Education Act, MCL 380.1701 *et seq*., the Michigan Administrative Rules for Special Education, the Michigan State School Aid Act, MCL 388.1601 *et seq*., and the Revised School Code, MCL 380.1 *et seq*. The WPA prohibits an employer from discriminating against an employee or terminating an employee's employment who "reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to the law of this state[.]" MCL 15.362. Thus, because the WPA explicitly proscribes the conduct alleged in both plaintiff's WPA claim and plaintiff's public policy claim, the WPA is plaintiff's exclusive remedy. *Kimmelman*, 278 Mich App at 573. Accordingly, the trial court properly granted summary disposition to defendant pursuant to MCR 2.116(C)(8).

## C. PLAINTIFF'S WPA CLAIM

Second, plaintiff challenges the trial court's October 22, 2014 order granting defendant summary disposition pursuant to MCR 2.116(C)(10) with respect to her WPA claim. Specifically, she contends that a genuine issue of material fact exists as to each of the elements of her WPA claim. We disagree.

Section 2 of the WPA, MCL 15.362, provides, in pertinent part, as follows:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or suspected violation of a law or regulation or rule promulgated pursuant to the law of this state[.]

Thus, to establish a prima facie case under the WPA, a plaintiff must show (1) that he or she was engaged in protected activity under the WPA, (2) that the defendant took adverse employment action against the plaintiff, and (3) a causal connection between the protected activity and the adverse employment action. *Debano-Griffin v Lake Co Bd of Commr's*, 493 Mich 167, 175; 828 NW2d 634 (2013); *Chandler v Dowell Sclumberger Inc*, 456 Mich 395, 399; 572 NW2d 210 (1998). If a plaintiff successfully sets forth a prima facie case under the WPA, the burden shifts to the defendant to articulate a legitimate business reason for the adverse employment action. *Taylor v Modern Engineering, Inc*, 252 Mich App 655, 659; 653 NW2d 625 (2002). If a defendant does so, the burden returns to the plaintiff to establish that the legitimate reason offered by the defendant was merely a pretext for the discharge. *Id*.

Applying those rules set forth above to the facts of this case, we conclude that, viewing the evidence in a light most favorable to plaintiff, *Maiden*, 461 Mich at 120, plaintiff has failed to present sufficient evidence to create a genuine issue of material fact as to, at a minimum, the third element under MCL 15.362, i.e., a causal connection between the protected activity and the adverse employment action. *Debano-Griffin*, 493 Mich at 175; *Chandler*, 456 Mich at 399. The third element requires more than a mere temporal relationship between the protected activity and the adverse employment action. *West v Gen Motors Corp*, 469 Mich 177, 184-187; 665 NW2d 468 (2003). Instead, to survive summary disposition pursuant to MCR 2.116(C)(10), a plaintiff must demonstrate that his or her "employer took adverse employment action *because of* plaintiff's protected activity[.]" *Id*. at 185 (emphasis in original).

In this case, defendant proffered six legitimate business reasons for the termination of plaintiff's employment: (1) unreasonably refusing to render opinions about a child's diagnosis, (2) misrepresenting a child's mother's statement about her ability to understand the child's speech, (3) making unreasonably exaggerated statements about Scheckel's statements regarding her job security, (4) falsely accusing a co-worker of making untrue representations regarding job qualifications, (5) failing to follow established protocol for interacting with a coworker, and (6) acting in an unprofessional and uncivil manner during a confrontation with a coworker. Each of these reasons was articulated to plaintiff in the human resources department's recommendation and plaintiff's notice of dismissal. Thus, because defendant demonstrated legitimate business reasons for the adverse employment action, the burden returned to plaintiff to, at a minimum, provide sufficient evidence to create a genuine issue of material fact as to why these reasons were merely a pretext for her discharge. *Taylor*, 252 Mich App at 659. She failed to do so. She relies on the affidavit of defendant's human resources director, which provided, in pertinent part, that the director was unaware of an instance when defendant terminated an employee's employment without a documented history of discipline. This, alone, is simply insufficient for plaintiff to carry her burden. In fact, the affidavit also provided that the director was aware of concerns regarding plaintiff's inappropriate communications with other employee. Additionally, it provided that the director was also aware that plaintiff's supervisor had warned plaintiff regarding her inappropriate behavior. Plaintiff does not dispute that these problems existed. Here, like in *West*, 469 Mich at 185, "plaintiff has merely shown that [her] employer disciplined [her] *after* the protected activity occurred," not that her employer disciplined her "*because of* plaintiff's protected activity." (Emphasis in original.) Indeed, we find it unsurprising that plaintiff's alleged protected activity took place temporally near her discharge considering the fact that she was only employed with defendant for approximately six months. Therefore, we conclude that plaintiff has failed to present sufficient evidence to create a genuine issue of

material fact as to, at a minimum, the third element under MCL 15.362, and we need not address the remaining elements. Accordingly, the trial court properly granted summary disposition to defendant pursuant to MCR 2.116(C)(10).

### III. CONCLUSION

In sum, we conclude that the trial court correctly granted summary disposition to defendant pursuant to MCR 2.116(C)(8) with respect to plaintiff's public policy claim and pursuant to MCR 2.116(C)(10) with respect to plaintiff's WPA claim. We therefore affirm the trial court's decisions and dismissal of plaintiff's lawsuit.

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien