*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEORGE GOFF,

        Plaintiff-Appellant,

v

NIKOLAI P. VITTI, BEN JACKSON, GARY
MCALLISTER, MICHAEL MOKDAD, and
DETROIT PUBLIC SCHOOLS COMMUNITY
DISTRICT also known as DETROIT BOARD OF
EDUCATION,

        Defendants-Appellees.

FOR PUBLICATION
February 25, 2026
10:27 AM

No. 371827
Wayne Circuit Court
LC No. 22-010582-CZ

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

CAMERON, P.J.

Plaintiff, George Goff, appeals by right the order granting summary disposition to
defendants, Nikolai P. Vitti, Ben Jackson, Michael Mokdad, and the Detroit Public Schools
Community District (DPSCD), also known as Detroit Board of Education, under
MCR 2.116(C)(10) (no genuine issue of material fact). He also challenges the order granting
summary disposition to defendant Gary McAllister under MCR 2.116(C)(7) (claim barred by
statute of limitations). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from alleged retaliation under the Whistleblower Protection Act,
MCL 15.361 *et seq*. (WPA). In 2021, plaintiff and defendants Vitti, Jackson, McAllister, and
Mokdad were employees of DPSCD. After plaintiff reported Mokdad for "falsifying documents[,]
repeatedly leaving work early[,] and a host of other legal activities[,]" to DPSCD administrators,
he was allegedly subjected to "extensive" retaliation. Relevant to this appeal, McAllister rescinded
plaintiff's offer to serve as the director of the summer school program, he was transferred from
Henry Ford High School (HFHS) to Harms Elementary School (HES), his position at HES was
unrenewed for the 2022-2023 school year, and his applications for several other job postings within
DPSCD were denied.

On September 6, 2022, plaintiff attempted to electronically file his complaint. The clerk of the court rejected the filing on September 7, 2022, for failing to properly enter the parties' names. Plaintiff corrected the defect and successfully filed his complaint the same day.

Plaintiff alleged in his complaint that his report of Mokdad's "theft of the payroll system," subjected him to "unlawful retaliation in violation of the WPA[.]" Defendants immediately moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claim against McAllister was barred by the 90-day statute of limitations because plaintiff filed his complaint one day late. The trial court granted summary disposition under MCR 2.116(C)(7), concluding that plaintiff's claim against McAllister was time-barred.

Defendants later moved for summary disposition of plaintiff's remaining claims under MCR 2.116(C)(10), asserting that plaintiff failed to offer evidence showing retaliation or any adverse employment action by defendants, and failed to establish a causal connection between the alleged adverse actions and plaintiff's whistleblowing. Defendants also argued that, even if plaintiff could establish a prima facie case under the WPA, they submitted evidence showing that their actions against plaintiff were part of a district-wide reorganization; thus, their actions were legitimate and not pretext for discrimination or retaliation. Plaintiff responded that he had established a prima facie case of retaliation against defendants because he did not experience any "retaliatory/adverse action" before making his report and the adverse actions occurred shortly after making his report. The trial court granted summary disposition to defendants and dismissed plaintiff's remaining claims. This appeal followed.

## II. STATUTE OF LIMITATIONS

Plaintiff contends that the trial court erroneously determined that his claim against McAllister was time-barred under the WPA. We disagree.

## A. STANDARDS OF REVIEW

We review de novo the construction and application of court rules. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). A trial court's decision on a motion for summary disposition is also reviewed de novo. *Id*. "Whether a period of limitations applies in particular circumstances constitutes a legal question that this Court also considers de novo." *Armijo v Bronson Methodist Hosp*, 345 Mich App 254, 262; 4 NW3d 789 (2023) (quotation marks and citation omitted). "Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations." *Id*. (quotation marks and citation omitted).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis

for recovery, dismissal is inappropriate.  [*Dextrom*, 287 Mich App at 428-429 (citations omitted).]

## B.  ANALYSIS

WPA actions are subject to a 90-day statute of limitation.  MCL 15.363(1) states that "[a] person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act." Here, McAllister rescinded the offer to plaintiff to serve as director of the summer school program on June 7, 2022, meaning plaintiff would generally have had until September 5, 2022 to file his complaint.  MCL 15.383(1).  But because Labor Day fell on September 5, 2022, plaintiff had until September 6, 2022 to file.  See MCR 8.110 (D)(2)(a) (Labor Day must be observed by all state courts); MCR 1.109(G)(5)(b) ("Any document submitted on a Saturday, Sunday, legal holiday, or other day on which the court is closed pursuant to court order is deemed filed on the next business day.").

Plaintiff submitted his complaint for filing on September 6, 2022.  On September 7, 2022, the clerk of the court rejected plaintiff's complaint for failure to comply with MCR 1.109(D).  See MCR 1.109(D)(6) ("A clerk of the court may reject nonconforming documents as prescribed by MCR 8.119."); MCR 8.119(C) ("The clerk of the court may only reject documents that do not comply with MCR 1.109(D)(1) and (2) . . . .").  Plaintiff corrected the mistake, resubmitted his complaint on September 7, 2022, and it was accepted the same day.  On appeal, plaintiff does not challenge the clerk of the court's decision to reject his September 6th nonconforming complaint for filing.  Instead, plaintiff argues that September 6, 2022, should nevertheless be considered the operative filing date for determining whether he timely filed his complaint.  He relies on MCR 1.109(G)(5)(b), which provides, in relevant part:

> A document submitted electronically is deemed filed with the court when the transmission to the electronic-filing system is completed and the required filing fees have been paid or waived.  If a document is submitted with a request to waive the filing fees, no fees will be charged at the time of filing and the document is deemed filed on the date the document was submitted to the court.  A transmission is completed when the transaction is recorded as prescribed in subrule (c).  *Regardless of the date a filing is accepted by the clerk of the court, the date of filing is the date submitted*.  Electronic filing is not restricted by the operating hours of a court and any document submitted at or before 11:59 p.m. of a business day is deemed filed on that business day.  [Emphasis added.]

In other words, plaintiff is essentially claiming that the emphasized language allows his untimely, defect-free complaint to relate back to the date that he filed his initial, defective complaint.

Although there are no published cases interpreting this court rule, this Court has rejected an identical argument in *Jones v Kreis Enderle Hudgins & Borsos PC*, unpublished opinion of the

Court of Appeals, issued December 22, 2020 (Docket No. 348378), pp 4-5.[1] In *Jones*, this Court held that the clerk's acceptance of a complaint established the operative date for determining whether an electronically filed complaint complied with the statute of limitations period. We reasoned that the emphasized language of MCR 1.109(G)(5)(b) expressly refers to electronic filings that are "accepted by the clerk." *Id*. at 4. Because the defective complaint in *Jones* was rejected, this Court held that the plaintiff's subsequent defect-free complaint could not relate back to filing date of the rejected complaint. We adopt this persuasive reasoning given the plain language of the court rule. This interpretation is further bolstered by the fact that rejected documents do not become part of the record, MCR 1.109(G)(5)(a)(*iii*); if a filing is rejected, there is nothing in the record for a subsequent filing to relate back to. Accordingly, we hold that under the plain language of MCR 1.109(G)(5)(b), the operative filing date is the date a document is electronically submitted so long as the document is accepted by the clerk of the court.[2]

We nevertheless disagree with the trial court's basis for dismissing plaintiff's untimely claim against McAllister. The trial court found that plaintiff's complaint was untimely because it was filed after the clerk's office closed on September 6, 2022. This finding contradicts the plain language of MCR 1.109(G)(5)(b), which permits electronic filing outside court operating hours. However, plaintiff is still not entitled to relief. Plaintiff's initial complaint filed on September 6, 2022, was rejected; therefore, it was not *accepted* by the clerk and was not made part of the court record. See MCR 1.109(G)(5)(a)(*iii*) and (b). Plaintiff's defect-free complaint was filed and accepted on September 7, 2022, which was one day beyond the 90-day statutory period. Accordingly, although the trial court's rationale was incorrect, because plaintiff's complaint was filed after the limitations period expired, we will not reverse the trial court's decision when it reaches the right result, even if it was for the wrong reason. *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

III. SUMMARY DISPOSITION

Plaintiff next argues that the trial court erroneously granted summary disposition to defendants because he sufficiently established his claims under the WPA. We disagree.

A. STANDARDS OF REVIEW

The determination of whether the evidence establishes a prima facie case under the WPA is a question of law that we review de novo. *Hays v Lutheran Social Servs of Mich*, 300 Mich App 54, 59; 832 NW2d 433 (2013). A trial court's decision on a motion for summary disposition is also reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665

---

[1] Although unpublished cases are not binding, we find the rationale in *Jones* to be persuasive. See MCR 7.215(C)(1).

[2] Additionally, we note that plaintiff's open-ended interpretation of MCR 1.109(G)(5)(b) would provide litigants in this situation an indefinite amount of time to relate back untimely complaints. Plaintiff's interpretation would remove the temporal guardrails of the court rule and render the limitations period meaningless in situations like this.

(2019). A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *Id*. at 160. "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The motion may only be granted if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. A genuine issue of material fact exists when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## B. LEGAL BACKGROUND

The WPA precludes an employer from taking adverse employment action against an employee who reports a violation or suspected violation of law to a public body. MCL 15.362; *Pace v Edel-Harrelson*, 499 Mich 1, 6; 878 NW2d 784 (2016). Specifically, MCL 15.362 provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

To establish a prima facie case under the WPA, a plaintiff must show that he or she was (1) engaged in protected activity as defined by the act, (2) the defendant took an adverse employment action against the plaintiff, and that (3) a causal connection exists between the protected activity and the adverse employment action. *Stefanski v Saginaw Co 911 Comm Ctr Auth*, ___ Mich ___, ____; ___ NW3d ___ (2025) (Docket No. 166663); slip op at 9. To prove causation, "[s]omething more than a temporal connection" between the protected activity and the adverse employment action is required. *Debano-Griffin v Lake Co*, 493 Mich 167, 177; 828 NW2d 634 (2013) (quotation marks and citation omitted). "Summary disposition for the defendant is appropriate when a plaintiff cannot factually demonstrate a causal link between the protected activity and the adverse employment action." *West v Gen Motors Corp*, 469 Mich 177, 184; 665 NW2d 468 (2003).

Once a plaintiff establishes a prima facie case, there is a presumption of retaliation. *Debano-Griffin*, 493 Mich at 176. An employer may rebut this presumption by offering a legitimate reason for its adverse employment action. *Id*. A plaintiff can still avoid summary disposition, however, by showing that a reasonable factfinder could nonetheless conclude that the reason offered by the defendant for the presumed retaliation is pretextual, and that the protected activity was a "motivating factor" in the employer's adverse action. *Id*. A plaintiff may establish that a defendant's articulated reason is pretextual by showing that (1) the reason "had no basis in fact," (2) although based in fact, the reason was not the "actual factor[] motivating the decision," or (3) if the reason was based in fact and was a motivating factor, it was still "insufficient to justify

the decision." *Id.* at 180 (quotation marks and citations omitted). A plaintiff's "proofs offered in support of the prima facie case may be sufficient to create a triable issue of fact that the employer's stated reason is a pretext, as long as the evidence would enable a reasonable factfinder to infer that the employer's decision had a . . . retaliatory basis." *Taylor v Modern Engineering, Inc*, 252 Mich App 655, 661; 653 NW2d 625 (2002) (quotation marks, brackets, and citation omitted).

## C. ANALYSIS

Plaintiff's argument on appeal is that defendants' proffered reasons for the adverse employment actions were pretextual because (1) he was highly educated and had a previously successful career before reporting the alleged theft, and all the adverse actions took place shortly after his report; and (2) he was "uniquely qualified" for the positions to which he applied, but was "passed over[]" in the hiring process.

As for the first claim, because defendants provided legitimate reasons for their adverse actions, the burden shifted to plaintiff to demonstrate these reasons were pretextual. See *Debano-Griffin*, 493 Mich at 176. But plaintiff's only argument on appeal is that the reasons must be pretextual given the time line of events in this case. Nowhere does plaintiff even claim that defendants' proffered reasons had no basis in fact or that his report was a motivating factor for the decisions he challenges. *Id*. Moreover, he failed to offer *any* evidence demonstrating pretext before the trial court. A prima facie case under the WPA requires "[s]omething more than a temporal connection between the protected activity and the adverse employment action[.]" *Id*. at 177. In providing nothing beyond this temporal connection as evidence of pretext, plaintiff's argument fails.

Plaintiff's second claim also fails. Plaintiff contends that "even if" the reorganization was "legitimate in the abstract," this did not explain why he was overlooked for certain unspecified positions for which he was allegedly "uniquely qualified." In other words, plaintiff concedes that defendants rebutted the presumption by offering a legitimate reason, albeit an explanation that does not square with plaintiff's self-assessment of his qualifications. *Debano-Griffin*, 493 Mich at 176. Under this scenario, plaintiff then bore the burden of demonstrating that his protected activity was a "motivating factor" for his application denials. *Id*. But, not only does plaintiff fail to satisfy this burden, he fails to provide any argument that he was even "uniquely qualified" for these unnamed positions at all. "An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 220; 761 NW2d 293 (2008). Plaintiff's failure to adequately argue the merits of this contention of error renders the argument abandoned. *Id*.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly